**People of the State of Illinois ex rel. McDougall v. James J. O'Toole.**

1. JUSTICES OF THE PEACE—*In Chicago—Power of the Governor to Nominate the Successor of any Particular Justice.*—The governor has no power to designate whom any person by him nominated or appointed

The People v. O'Toole.

justice of the peace shall succeed. He has the power to nominate only persons recommended to him by the judges, and also power to reject any or all of such recommendations, but he is in no manner authorized to nominate or commission any one as the successor of any particular justice.

2. SAME—*Re-appointed His Own Successor—Power of County Clerk to Determine Successor.*—As justices in the city of Chicago, appointed, are governed by the same rules and regulations as justices of the peace elected, it seems that one re-appointed must be his own successor; and save in the case where a justice being re-elected succeeds himself, upon the county clerk is devolved the power and duty of determining, upon application of any person elected to the office of justice, whom he shall succeed; so too, to the county clerk is given power and authority to determine whom of the various justices of the peace in the towns of the city of Chicago, the various justices newly appointed shall respectively succeed; a re-appointed justice succeeding himself.

3. SAME—*In Chicago, are Township, Not City Officers.*—Justices of the peace in the city of Chicago are township and not city officers; they are appointed as officers of the various towns in which they live, and not as residents or citizens of the city.

4. SAME—*In Chicago, Duty to Apply to County Clerk for an Order on Predecessor for Books and Papers.*—A re-appointee succeeds himself, but it is the duty of other appointees to apply to the county clerk to determine whom they shall succeed in the town for which they are appointed, and also for an order upon the justice whose term has expired, and whom the new appointee is designated to succeed, to deliver over his books and papers, as required by law, to his successor.

5. SAME—*Elected or Appointed, Subject to the Same Rules.*—The law concerning justices of the peace regards all appointed or elected, as subject to and governed by the same rules and regulations. The convenience of the public is thus served, as not only is uniformity of regulation secured, but any person can, at any period of time, by inspection of the records of the county clerk's office, ascertain in whose custody the books and papers once kept by any justice of the peace are now to be found.

6. SAME—*The Governor Has No Power to Designate Whom an Appointee Shall Succeed.*—The governor has no power, either singly or in conjunction with the senate, to designate whom any appointee shall succeed. To determine what justices such appointees are to succeed, is by law made the duty of the county clerk.

Quo Warranto, to test the right to an office. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

## STATEMENT OF THE CASE.

This was a proceeding by quo warranto to test the right of appellee to an office he was exercising the functions of. It was heard upon the following agreed statement of facts:

1.   That on the 9th day of August, A. D. 1893, James J. O'Toole, defendant, was duly appointed, qualified and commissioned justice of the peace in and for the town of Lake, in the city of Chicago, in the county of Cook and State of Illinois, according to law, and held the office as such, and still holds the office as such.

2.   That on the 19th day of April, A. D. 1895, a majority of the judges of Circuit, Superior and County Courts of Cook county, recommended, and then and there certified to John P. Altgeld, Governor of the State of Illinois, the following named persons for the offices of justices of the peace in and for the town of Lake, in the city of Chicago, county of Cook and State of Illinois: John M. Moore, to succeed himself; John Fitzgerald to succeed J. J. Hennessy; Henry G. Schulte, to succeed Peter Caldwell; James J. O'Toole to succeed himself, and Edwin J. Rhoades to succeed George W. Hotaling.

3.   That said John P. Altgeld, Governor of the State of Illinois, on the 14th day of June, A. D. 1895, said day being the last day of the session of the senate of the 39th General Assembly of the State of Illinois, placed before that body for confirmation the name of Edwin J. Rhoades to succeed James J. O'Toole as justice of the peace in and for the town of Lake, in the city of Chicago, county of Cook and State of Illinois; that said nomination was on the 14th day of June, A. D. 1895, confirmed by the senate of the State of Illinois.

4.   That said John P. Altgeld, Governor of the State of Illinois, did not until after the adjournment of said Senate of the 39th General Assembly of the State of Illinois, to wit, on or about the 16th day of June, A. D. 1895, return the name of this defendant, James J. O'Toole, as rejected by him for said office of justice of the peace as aforesaid, to the judges of the Superior, Circuit and County Courts of Cook county, Illinois.

5.   It is agreed that the commissions of Edwin J. Rhoades and Henry G. Schulte and John Fitzgerald are correctly set forth in the Information of the People, and that the said

Edwin J. Rhoades and Henry G. Schulte and John Fitzgerald were and became duly qualified justices of the peace in and for the town of Lake, county of Cook and State of Illinois, on or about the 26th day of June, A. D. 1895, and are exercising the duties, privileges and functions of such office in said township. However, it is further agreed that the said Edwin J. Rhoades received his commission from the Governor of Illinois, as herein set forth, before he had taken the oath of office or filed his bond as required by law with the county clerk of Cook county, Illinois.

6. It is further agreed that the commission of James J. O'Toole is as follows:

"STATE OF ILLINOIS,
Executive Department.
JOHN P. ALTGELD, Governor of Illinois.

To all whom these presents shall come—Greeting: Know ye, that reposing special trust and confidence in the integrity, diligence and discretion of James J. O'Toole, I, John P. Altgeld, Governor of the State of Illinois, for and in behalf of the people of said State, do commission him a justice of the peace for the town of Lake, in the county of Cook, to have and to hold the said office, with all the rights and emoluments thereto legally pertaining, until his successor shall be duly appointed and qualified to office.

In testimony whereof, I hereunto set my hand and cause to be affixed the great seal of State. Done at the city of Springfield, this 9th day of August, in the year of our Lord one thousand eight hundred and ninety-three, and of the independence of the United States the one hundred and eighteenth.

JOHN P. ALTGELD.

[SEAL OF THE STATE OF ILLINOIS.]
By the Governor:
W. H. HINRICHSEN, Secretary of State."

7th. It is further agreed that the county clerk on or about the 26th day of June, A. D. 1895, designated the said Edwin J. Rhoades to succeed George Hotaling; John Fitzgerald to succeed John M. Moore; Henry G. Schulte to

succeed Peter Caldwell, as justices of the peace in and for the town of Lake, aforesaid.

It is further agreed that the commissions of George W. Hotaling and J. J. Hennessy are as follows:

"STATE OF ILLINOIS,
Executive Department.
JOSEPH W. FIFER, Governor of the State of Illinois.

To all to whom these presents shall come—Greeting: Know ye, that reposing special trust and confidence in the integrity, diligence and discretion of George W. Hotaling, I, Joseph W. Fifer, Governor of the State of Illinois, for and in the behalf of the people of the State, do commission him justice of the peace in and for the town of Lake, county of Cook, to have and to hold the said office, with all the rights and emoluments thereto legally pertaining, until his successor shall be duly appointed and qualified to office.

In testimony whereof, I hereunto set my hand and cause to be affixed the great seal of State. Done at the city of Springfield, this 13th day of June, in the year of our Lord one thousand eight hundred and ninety-one, and of the independence of the United States the one hundred and fifteenth.

[L. S.]                                JOSEPH W. FIFER.
    By the Governor:
I. W. PEARSON, Secretary of State."

"STATE OF ILLINOIS,
Executive Department.
JOSEPH W. FIFER, Governor of Illinois.

To all whom these presents shall come—Greeting: Know ye, that reposing special trust and confidence in the integrity, diligence and discretion of J. J. Hennessy, I, Joseph W. Fifer, Governor of the State of Illinois, for and in the behalf of the people of the State, do commission him justice of the peace for the town of Lake, county of Cook, to have and to hold the said office, with all the rights and emoluments thereto legally pertaining, until his successor shall be duly appointed and qualified to office.

In testimony whereof, I hereunto set my hand and cause

to be affixed the great seal of State. Done at the city of Springfield, this 13th day of June, in the year of our Lord one thousand eight hundred and ninety-one, and of the independence of the United States the one hundred and fifteenth.

[L. S.]                                            JOSEPH W. FIFER.

By the Governor:

I. W. PEARSON, Secretary of State."

And that on or about the 26th day of June, A. D. 1895, and ever since, and now, the said county clerk does recognize and certifies officially as the five (5) justices of the peace of the town of Lake, the following named persons: James J. O'Toole, J. J. Hennessy, John Fitzgerald, Henry G. Schulte and Edwin J. Rhoades, and so the same appears upon the records of the county clerk of Cook county.

8th. It is further agreed that the said defendant, James J. O'Toole, is still exercising the rights, privileges and duties of justice of the peace in and for the town of Lake, county of Cook, and State of Illinois, and that the said Edwin J. Rhoades, under his commission as aforesaid, is exercising the rights, duties and privileges of justice of the peace in and for the town of Lake, in the city of Chicago, county of Cook, and State of Illinois.

9th. It is further agreed that no judges, no governors, no convention of the judges of Cook county, or the State senate, the same being the three great branches of the government—executive, legislative and judicial—has, since the constitution of 1870 up to the present instance, ever recommended, nominated or appointed, in any way whatsoever, thereby designating the successorships of justices of the peace in the city of Chicago, leaving that duty, power and authority exclusively to the county clerk, under section 111, chapter 79, Revised Statutes of the State of Illinois, 1874.

10th. It is further agreed that on the 9th day of August, A. D. 1893, and for more than ten (10) years prior thereto, and ever since that time, and now, the defendant has been, and now is, a resident of the town of Lake aforesaid, and said defendant was, on the 9th day of August, A. D. 1893,

of lawful age, of the age of thirty-two years, and was then and now is, a citizen of the United States of America.

It is hereby stipulated that the demurrer to the information be withdrawn, and that the information as amended shall stand, and that further pleading herein be waived, and that the cause is to be submitted upon statements of facts submitted by counsel to the court, and as though the said facts were properly pleaded, and that the only question to be decided upon in this case is the manner of the designation of successors of justices of the peace in the city of Chicago, and in whom the power is vested.

Either party to have the right to submit propositions of law to be held or refused as the court shall so order.

> JACOB J. KERN,
>     State's Attorney.
> T. A. COFFEY,
>     Of counsel for the people.
> OSCAR E. LEINEN,
>     Attorney for defendant.
> JAMES A. PETERSON,
>     Of counsel for defendant."

JACOB J. KERN, State's Attorney, for the people; T. A. COFFEY, of counsel.

JAMES A. PETERSON and OSCAR E. LEINEN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The constitution of this State contains the following:

Article VI, Section 28.  "All justices of the peace in the city of Chicago shall be appointed by the governor, by and with the advice and consent of the senate (but only upon the recommendations of a majority of the judges of the Circuit, Superior and County Courts), and for such districts as are now, or shall hereafter be provided by law.  They shall hold their offices for four years, and until their successors

have been commissioned and qualified, but they may be re-
moved by summary proceeding in the Circuit or Superior
Court, for extortion or other malfeasance. Existing justices
of the peace and police magistrates may hold their offices
until the expiration of their respective terms."

The letter and spirit of the constitution and laws of this
State are such that officials of all kinds are either elected or
appointed to office for short terms only. A frequent oppor-
tunity for selecting new men to hold official position is
universally given. While as to all judicial officers it is pro-
vided in the constitution that they shall hold " their offices
until their successors shall be qualified," it is not thereby
meant to deprive the people of the right to elect, or the
appointing power of the opportunity to appoint successors
for such officers, to take office upon the expiration of the
fixed period of time for which, under the constitution,
officials are elected or appointed. Any practice tending to,
as well as any construction looking toward, depriving the
people or the appointing power of such right, is to be
avoided. In pursuance of the constitutional provision before
quoted, the law of this State made it the duty of the judges
of the Circuit, Superior and County Courts of Cook County,
on or before the 1st day of June, in the year 1895, " to
recommend to the governor" "five fit and competent per-
sons to fill the office of justice of the peace in the town of
Lake, it being within the city of Chicago." This duty they
discharged by, on the 19th day of April, in that year, recom-
mending, John M. Moore to succeed himself; Henry G.
Schulte to succeed Peter Caldwell; James J. O'Toole to suc-
ceed himself; John J. Fitzgerald to succeed J. J. Hennessy,
and Edwin J. Rhoades to succeed George W. Hotaling.

At the time the foregoing recommendation was made the
justices of said town were John M. Moore, Peter Caldwell,
James J. O'Toole, J. J. Hennessy and George W. Hotaling.

Only two of these, Moore and O'Toole, were recommended
for re-appointment.

The legislature of this State was at this time in session
and so continued until June 14, 1895.

The statute, after prescribing, as aforesaid, that the judges shall on or before the 1st day of June recommend, continues: " The persons thus recommended, the governor shall nominate and by and with the advice and consent of the senate (a majority of the senators elected concurring by yeas and nays) appoint justices of the peace in and for each of said towns, respectively, and in case the governor rejects any person recommended, or the senators refuse to confirm any person nominated, the governor shall give notice of such rejection or refusal to the said judges, who shall, within ten (10) days after the receiving of such notice, recommend some other fit and competent person for such appointment; provided, such person or persons so recommended shall be electors in the town in and for which they are to be appointed such justices of the peace."

The governor took no action upon the recommendation of the judges until the 14th day of June, upon which day, as by joint resolution of the two houses had some time previous been agreed, the senate finally adjourned. Upon the last day of the session he sent to the senate a message informing that body that in and for the town of Lake he nominated:

Henry G. Schulte to succeed Peter Caldwell;

Edwin J. Rhoades to succeed James J. O'Toole;

John Fitzgerald to succeed John M. Moore.

These nominations were by the senate confirmed on the same day, and on that day the governor issued his commissions to Henry G. Schulte to succeed Peter Caldwell; Edwin J. Rhoades to succeed James J. O'Toole, the defendant, and John Fitzgerald to succeed J. M. Moore.

The governor did not, until after the adjournment of the senate, notify the judges of Cook county that he, as governor, had rejected the names of James J. O'Toole and John M. Moore to be justices of the peace in and for the town of Lake.

The senate having adjourned, the judges declined to take any action upon such notification.

There is neither in the constitution nor statutes of this

State any provision giving to the governor power to designate whom any person by him nominated or appointed as justice of the peace shall succeed. He has the power to nominate only persons recommended to him by the judges, and also power to reject any or all of such recommendations; but he is nowhere authorized to nominate or commission any one as the successor of any particular justice.

Section 29, article 6, Constitution of Illinois, 1870 (p. 66, Hurd's Revised Statutes, 1893), is as follows: "All judicial officers shall be commissioned by the governor. All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts severally, shall be uniform."

Section 21, article 6, Constitution of Illinois, 1870 (p. 66, Hurd's Rev. Stat. 1893), is: "Justices of the peace, police magistrates and constables shall be elected in and for such districts as are, or may be, provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform."

By section 2 of the act under which justices of the peace for the city of Chicago are appointed, as amended by an act in force May 7, 1891, such justices are made subject to the same rules and regulations, etc., as justices of the peace elected. That section is as follows:

"Justices of the peace appointed under this act shall be commissioned by the governor, and hold their office for four years and until their successors have been commissioned and qualified, and shall have the same qualifications for holding office, the same jurisdiction, power and authority, and be subject to the same liabilities, and shall execute bonds, and be sworn and be governed by the same rules and regulations as justices of the peace elected."

What are the rules and regulations controlling elected justices? Sec. 111, Chap. 79 (p. 915, Hurd's Revised Stat., 1893), is as follows: "Upon the application of any person who shall be elected to the office of justice of the peace in

any town or precinct in this State, to the county clerk, to become qualified to hold said office, by filing his bond, according to law, it shall be the duty of said clerk to determine who such justice of the peace shall succeed in office in the town or precinct where he was elected, and enter his name upon the list of justices of the peace that is required by law to be kept, as such successor, and shall draw an order upon the justice of the peace whose term of office shall have expired, to deliver over all books and papers, as required by this act, to such successor in office: provided, that whenever any person shall be re-elected to said office, he shall be his own successor."

Section 1 of the Justice Act, Hurd's R. S., 1895, p. 899, provides for the election of two or more justices of the peace in every town under township organization.

Although five justices of the peace may be elected in a town, yet a re-elected justice is his own successor.

As justices in the city of Chicago, appointed, are governed by the same rules and regulations as justices of the peace elected, it seems that a justice of the peace re-appointed must be his own successor; and as save in the case where a justice being re-elected succeeds himself, upon the county clerk is devolved the power and duty of determining, upon application of any person elected to the office of justice, whom he shall succeed, so too, to the county clerk is given power and authority to determine whom of the various justices of the peace in the towns of the city of Chicago, the various justices newly appointed shall respectively succeed; a re-appointed justice succeeding himself.

It must be borne in mind that justices of the peace in the city of Chicago, although recommended, nominated, confirmed and appointed, as hereinbefore set forth, are yet township and not city officers; they are appointed as officers of the various towns in which they live, and not as residents or citizens of the city of Chicago.

Their term of office, jurisdiction and powers, as well as the practice and proceedings before them, are the same as those of elected justices in other portions of the State. The appointed justices being subject to the same liabilities, re-

quired to execute the same bonds, sworn and governed by the same rules and regulations as justices of the peace elected; a re-appointee succeeds himself, and it is the duty of other appointees to apply to the county clerk to determine whom they shall succeed in the town for which they are appointed, and call upon the county clerk to draw an order upon the justice of the peace whose term has expired and whom he succeeds, to deliver over his books and papers, as required by law, to his successor, so determined.

As the people do not, in electing not to exceed five justices of the peace in any town or precinct, determine whom they shall succeed in office, neither does the appointing power, whether considered as one or three bodies, determine whom the appointees shall succeed. There is nothing in constitution or statute giving, in this regard, to the appointing power an authority not intrusted to the people when selecting justices of the peace. The entire act concerning justices of the peace regards all appointed and elected when so chosen as subject to and governed by the same rules and regulations. The convenience of the public is thus served, as not only is uniformity of regulation secured, but any person can at any period of time, by inspection of the records of the county clerk's office, ascertain in whose custody the books and papers once kept by any justice of the peace are now to be found.

The governor had no power, either singly or in conjunction with the senate, to designate whom any appointee should succeed. His designation of Edwin J. Rhoades to succeed James O'Toole was nugatory. But three of the five persons recommended by the judges were appointed by the governor; each of these three was a new justice. To determine what justices they were to succeed was, by the law, made the duty of the county clerk. The county clerk has not designated a successor to the defendant, James O'Toole, and none has been qualified; he is, therefore, under the provisions of the constitution, a justice of the peace in and for the town of Lake.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE SHEPARD, dissenting.

By the constitution of the State (Art. VI, Sec. 28), the governor is vested with the power to appoint, by and with the advice and consent of the senate, justices of the peace in and for the city of Chicago, but with the limitation that he shall appoint only such persons as are recommended to him for appointment by the judges of the Circuit, Superior and County Courts of Cook county.

The express power of appointment thus conferred upon the governor necessarily carries with it by implication the incidental duty and power of designating who, of the previously existing justices, the new appointees shall succeed. This implied power is necessary to give full effect to the express grant. Any legislation which shall seek to deprive the governor of such power is nugatory.

The constitution contains numerous provisions relating to justices of the peace. Thus it provides (Art. VI, Sec. 1), that all judicial powers shall be vested in certain designated courts, and in justices of the peace; that (Art. VI, Sec. 29) all judicial officers shall be commissioned by the governor, and that the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, and the force and effect of the process and judgments of such courts, severally, shall be uniform; that (Art. VI, Sec. 32) the term of office of justices shall be four years; that (Art. VI, Sec. 21) justices of the peace shall be elected in such districts as are provided by law, and that their jurisdiction shall be uniform; that (Art. V, Sec. 25) the form of oath of all civil officers, including justices of the peace, before entering upon their offices, shall be as there prescribed.

When, therefore, the second section of the act relating to justices of the peace in Chicago, referred to in the opinion of the majority of the court, was enacted by the General Assembly (Sec. 126, Ch. 79, Hurd's Rev. Stat. 1893), providing that justices of the peace appointed by the governor should have "the same jurisdiction, power and authority, * * * and be governed by the same rules and regulations as justices of the peace elected," it was merely de-

claratory of previously existing constitutional provisions, and was not meant, or if it were, it was ineffectual as being in contravention of the constitution, to subject justices of the peace so appointed to rules and regulations not warranted by the constitution, concerning their designation by the county clerk instead of by the governor, as to whom they shall succeed in office.

By the provisions of that act, it was meant justices so appointed should be governed by the same rules and regulations concerning commissioning, jurisdiction, powers, proceedings and practice, and the effect of their process and judgments, as provided by the constitution and the general act concerning justices elected, and not concerning their method of appointment and designation, which is conferred upon the governor by the constitution itself.

I do not regard the argument of inconvenience as having any application to a constitutional provision. In my opinion the governor possesses the power, under the constitution, of designating who justices appointed by him shall succeed. In conclusion, I entertain serious doubt if this court has jurisdiction of this question.