James G. Barber, Appellee, v. City of Evanston, Appellant.

Gen. No. 39,535.

Heard in the second division of this court for the first district at the June term, 1937. Opinion filed November 17, 1938. Rehearing denied December 14, 1938.

ALFRED W. CRAVEN, JR., Corporation Counsel, and CRITTENDEN C. JARVIS, of Evanston, for appellant; CRITTENDEN C. JARVIS, of counsel.

JOHN TONE KELLY, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiff, a justice of the peace, elected in the town of the city of Evanston, expended $30 for his official bond in the years 1934–1935. He sued the city of Evanston and a police magistrate rendered judgment against the city. Defendant prosecuted an appeal to the circuit court where on a trial *de novo,* without a jury, a judgment for the amount claimed was entered against the city of Evanston.

On this appeal the city seeks a reversal, asserting that plaintiff is not an officer of the city of Evanston and that the laws, rules or regulations of the city of Evanston do not require a justice of the peace in the town of the city of Evanston to furnish an official bond. Paragraph 16, ch. 103, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 92.17], provides: "That the state, or any county, township, municipality, public board or body whether organized under general or special act shall pay out of the funds of said state, county, municipality, township, board or body the cost of any official bond furnished by any officer of said state, county, township, municipality, public board or body required by the laws, rules or regulations thereof to execute the same, in case said officer shall furnish the same with a surety company or companies authorized to do business in this state under the laws thereof . . . ." We agree with the contention of defendant that the meaning of the paragraph is that the municipality shall pay out of the funds of said municipality the cost of any official bond furnished by any officer of said municipality required by the laws, rules or regulations thereof to execute the same, and that the township shall pay out of the funds of said township the cost of any official bond furnished by any officer of said township required by the laws, rules or regulations thereof to execute the same. When an officer of a township furnishes a bond "required by the laws, rules or regulations thereof to execute the same," it is plain that such township is obligated to

pay out of its funds the cost of the bond, and when an officer of a municipality supplies an official bond "required by the laws, rules or regulations thereof to execute the same" the municipality is bound to pay for the cost of the same. In the case at bar the city did not by any ordinance, rule or regulation require a justice of the peace of the town of the city of Evanston to furnish an official bond. Paragraph 9, ch. 79, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 71.005], provides that "Every justice of the peace or constable, before entering upon the duties of his office, shall execute and deliver to the county clerk of the proper county, and within twenty days after his election, a bond, to be approved by said clerk, with two or more good and sufficient securities, in the sum of not less than two thousand dollars ($2,000) nor more than ten thousand dollars ($10,000), conditioned that he will justly and fairly account for and pay over all moneys that may come to his hands under any judgment or otherwise, by virtue of his said office, and that he will well and truly perform every act and duty enjoined upon him by the laws of this state, to the best of his skill and ability. Such bonds shall be made payable to the People of the State of Illinois, and shall be held for the security and benefit of all suitors and others who may be injured or aggrieved by the official acts or misconduct of such justice of the peace or constable, as the case may be." Plaintiff declares that the paragraph quoted requires him to furnish an official bond, and there can be no dispute that it does. He contends that the direction to furnish a bond need not necessarily be contained in an ordinance or regulation of the municipality, but that it may be contained in a statute. While section 16 of the chapter on official bonds states in substance that the municipal corporation shall be bound where such corporation requires an official bond of its officers by the "laws, rules or regulations thereof to

execute the same," we are of the opinion, after a thorough consideration of the statute, that an officer who is required by the State law to execute an official bond has the right to collect the cost of such bond. In that view we construe the word "thereof" to include the State laws pertaining to municipalities. Where an officer of a municipality is required by statute to furnish a bond it would be an act of supererogation for the municipality to adopt an ordinance or order to the same effect. The statute requiring a justice of the peace to supply a bond is, in our view, binding on the municipality or township and therefore is a "law thereof."

In their briefs the parties assume that a justice of the peace elected in a township whose territory is not coextensive with a municipality is a township officer, and this court, in *People ex rel. McDougall v. O'Toole,* 60 Ill. App. 534, 544, said:

"It must be borne in mind that justices of the peace in the city of Chicago, although recommended, nominated, confirmed and appointed, as hereinbefore set forth, are yet township and not city officers; they are appointed as officers of the various towns in which they live, and not as residents or citizens of the city of Chicago." In 1916 the city of Evanston adopted a resolution providing for the admission of additional territory and making the town of Ridgeville and the additional territory (now the town of the city of Evanston) coextensive and coterminus with the city of Evanston and requesting the board of commissioners of Cook county to approve such action. The board did approve the action and thereby organized the town of the city of Evanston. The name was changed from the town of Ridgeville to the town of the city of Evanston. The theory of plaintiff appears to be that as the territory of the town and the city is coextensive, the two municipalities are united and the city has assumed and is chargeable with performing the ministerial and govern-

mental duties and functions of the town. Section 131, ch. 139, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 133.135], provides that "The city council in such city and town, may by ordinance, provide that the officers [offices] of city and town clerk shall be united in the same person; that the officers [offices] of city treasurer and town collector shall be united in the same person; that the office and election of highway commissioners shall be discontinued. The poor master in such city and town shall be appointed by the county board." It will be observed that this section does not make it mandatory on the city council to provide that the offices of city and town clerk shall be united in the same person and that the offices of city treasurer and town collector shall be united in the same person. Worthy of mention likewise is the fact that the statute does not give any authority to the city over a justice of the peace. Section 127, ch. 139 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 133.131] also provides that the city shall designate the name of the township. Counsel for plaintiff cites the case of *People v. Hazelwood,* 116 Ill. 319, in support of his theory. That is a case in which the Supreme Court held that the town and city of Quincy had followed the statute and that the city, following the organization of the township by the county board, provided by ordinance that the offices of city and town clerk should be united in the same person and that the offices of town collector and city treasurer should be united in the same person. The court held that after such action "the offices have become inseparable, and the duties and burdens of one may not be accepted and those of the other rejected." The court was speaking of the offices of town collector and city treasurer, and the case is not in point. No one disputes that the city of Evanston and the city of Quincy had the right to provide that the duties of such offices should be exercised by the same individual. Had the legislature intended to provide that a justice

of the peace (in territory where the town and the city are coextensive) should be an officer of the city, it could easily have said so. From a careful reading of the statute it is apparent the legislature had no such intention. In fact, the town and city° are permitted to have different names. Our Supreme Court in *Tissier v. Rhein,* 130 Ill. 110, 114, 115, says:

"Section 29 of article 6 of the constitution provides as follows: 'All judicial officers shall be commissioned by the Governor. . . .' A justice of the peace is a judicial officer, and . . . the Legislature has required his commission to be issued by the Governor. A court has been defined to be that 'body in the government to which the public administration of justice is delegated.' (1 Bouv. Law Dic. 373.) The public administration of justice is delegated to justices of the peace. They are among the bodies, in whom the constitution vests the judicial powers of the State. (Cons. Art. 6, sec. 1). While engaged in the performance of their public duties as judicial officers, they are 'courts' within the meaning of said section 29. . . . A justice of the peace, though elected by the people of the town, has a jurisdiction which is co-extensive with the limits of the county, in which such town is located. His process issues to any part of the county, and suits may be brought before him by persons residing anywhere in the county. (*People v. Meech,* 101 Ill. 200.) Therefore, no classification of towns can be made, which is based upon their relations to justices of the peace. The territorial jurisdiction of a justice is not circumscribed by the territorial limits of a town." In Cook county, because of the organization of the municipal court of Chicago, a justice of the peace has jurisdiction within the entire county except the city of Chicago.

From a careful consideration of the record we are of the opinion that plaintiff was not an officer of the city of Evanston and that he was not required by any law

or ordinance to furnish the city of Evanston with a bond. At pages 16, 17 of plaintiff's brief appears the statement that "the Defendant cannot deny that it has in its control, available for disbursement upon resolution of its City Council, funds of the Town of the City of Evanston. Therefore, if the Town of the City of Evanston is in any way obligated, under the Statutes of Illinois, to pay the Plaintiff any moneys for the cost of his official bond, or otherwise, then the Defendant through its City Council, in whom the powers of the Town are vested, is duty bound and is required to perform such obligations of the Town of the City of Evanston." In that statement plaintiff implies that the city has available for disbursement funds of the town of the city of Evanston. If it is a fact that the city has funds of the town, we do not see how that would have any bearing on the proposition as to whether a judgment should be rendered against the city. The collection of a judgment is something that arises after the rendition thereof. Being fully satisfied that plaintiff is not an officer of the city, it follows that the city is not obligated to pay for a bond that he supplies. A town may sue and be sued, and should plaintiff sue the town of the city of Evanston and obtain a valid judgment then the matter of collecting the judgment would arise. We are not now expressing any opinion as to whether a justice of the peace may recover from the town the cost of the bond that he furnishes, as that proposition is not before us.

For the reasons stated the judgment of the circuit court of Cook county is reversed.

*Judgment reversed.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.