# WRIGHT v. BOLTON & STRACENER.

1. Where a cause depending before a justice of the peace, is by agreement of the parties, submitted to arbitrators, who made an award which was entered up as the judgment of the Court, and an appeal taken to the Circuit Court, the award is final, unless set aside for corruption, want of notice, or other improper conduct of the arbitrators, as well in the appellate as in the inferior Courts.

Error to the Circuit Court of St. Clair.

THIS was a warrant, by the plaintiff in error, before a justice of the peace, for the value of a cow, killed by the defendant in error.    Upon the trial before the justice, the parties by a verbal agreement, left the matter in dispute to the arbitration of three persons, who being sworn, and having heard the evidence, made their award in writing, and assessed the plaintiff's damages to eleven dollars, which was entered up by the justice as the judgment in the case ; from which the defendant appealed to the Circuit Court.    Upon the trial in that Court, the plaintiff again proved, and relied on the award, as conclusive.    This the Court

overruled, and proceeded to the trial of the cause *de novo*, and evidence being introduced tending to prove, that the defendants were not guilty of the trespass, he rendered a judgment for the defendants, from which the plaintiff in error prosecutes a writ of error to this Court.

BOWDON, for plaintiff in error, contended, that the award, unless impeached for fraud, or some improper conduct of the arbitrators, was conclusive of the rights of the parties, and cited 2 Stew. 130 ; 4 Porter, 65 ; 1 Ala. Rep. 184, 278 ; 6 Cowan, 399; 14 John. 96 ; 1 Caines, 304 ; 15 John, 197, 497 ; 17 Wend. 410; 3 Caine, 166 ; 1 Litt. 322 ; Litt. S. C. 264 ; 4 Monroe, 47, 247 ; 3 John. 367.

S. F. RICE and POPE, contra.

ORMOND, J.—From the return of the justice of the peace, it appears, that this was an award made pursuant to the statute, (Clay's Dig. 50,) which declares, that the award shall be made the judgment of the Court, "and shall not be invalidated, set aside, or appealed from, unless it shall be made to appear, that the award was obtained by corruption, evident partiality, or other undue means." No such testimony was offered in the Circuit Court, the evidence only tending to show, that the defendants were not guilty of the trespass, whilst the plaintiff proved and relied on the award.

It is however wholly unimportant, whether the award is considered as made under the statute or not, as it is equally conclusive as an award at common law, and can only be impeached for fraud, want of notice, or other improper conduct in the arbitrators. In the absence of such proof, the award is final, and conclusive upon the rights of the parties.

The judgment must be reversed and remanded.