## VAN HORN v. BELLAR.

1. **Arbitration:** JUDGMENT ON AWARD. When parties to a controversy entered into an agreement to submit the matter to three arbitrators, whose award should be filed in the office of a justice of the peace, who should render a judgment upon said award as upon the verdict of a jury: *Held*, That the parties thereby submitted themselves to the jurisdiction of such justice, and a judgment upon the award for an amount within the jurisdiction of the justice, was valid.

*Appeal from Benton District Court.*

THURSDAY, APRIL 12.

IN December, 1863, the parties to this action entered into an agreement, by which the defendant rented to the plaintiff his farm for a given period, upon certain terms therein specified. After the expiration of the lease, the parties mutually preferred claims against each other, and

failing to come to a satisfactory settlement, they agreed in writing to arbitrate their matters of difference, and stipulated that the award of the arbitrators should be filed with Henry Ellison, a justice of the peace of said county, who should thereupon render a judgment on said award as on the verdict of a jury, not exceeding three hundred dollars, and also for costs of the proceedings of the arbitration against the losing party.

On the 12th of January, 1865, the arbitrators, George Bergen, A. J. Carpenter and Elias Doan, made an award, after hearing the matters in the controversy, to the effect that the plaintiff pay the defendant $56.60, and that the said justice of the peace above named should enter up judgment against the plaintiff for said sum, according to the agreement of the parties, which was accordingly done. And when an execution was issued upon this judgment, and levied upon the personal property of plaintiff, he filed his bill in equity to restrain the collection of said judgment. A motion to dissolve the injunction was overruled, and a decree perpetually enjoining the execution and judgment was entered, from which the defendant appeals, &c.

*W. C. Connell* for the appellant.

*S. P. Vanatta* for the appellee.

Lowe, Ch. J. — The ground of the application for an injunction in this case is, not that the award of the arbitrators was unjust, and the sum found not due, but that the justice of the peace named had no jurisdiction or power to render a judgment on the same.

1. ARBITRA-
TION: judg-
ment on
award.

This objection is not apparent, indeed it is quite insufficient to sustain the injunction, or to justify a decree making

it perpetual against the collection of the judgment which was founded upon the award. · The parties, themselves, voluntarily submitted to the jurisdiction of the justice of the peace. In their agreement of submission, they expressly stipulate that a judgment shall be rendered upon the award of the arbitrators, as upon the verdict of a jury, by a justice, designating him by name. This was all done strictly in accordance with the terms of the agreement. We discover no reason why the parties are not competent to make such a contract. We are not aware that there is any law, statute or otherwise, prohibiting such a practice, provided the sum, for which a judgment is agreed to be rendered, does not exceed in amount the jurisdiction of the justice of the peace.

The petition for the injunction contains no charge of misconduct on the part of the arbitrators, or irregularity in their proceedings. It contains no suggestion that the amount found due the defendant was unjust or oppressive. It simply assumes a lack of power on the part of the justice to render a judgment on an award, although within its jurisdiction as to amount, and with the express consent and agreement of the parties. In our opinion, the petition in this case is wanting in equity, the injunction should have been dissolved, and the suit dismissed. See Rev., § 3676; *King* v. *Hampton*, 4 G. Greene, 401.

