## WHITIS v. CULVER.

1. **Arbitration:** JURISDICTION OF JUSTICE. A justice of the peace has
jurisdiction to render judgment upon an award returned to him for
judgment thereon, pursuant to the agreement of the parties to the
arbitration, when the amount of the award does not exceed the juris-
diction of the justice to render judgments by consent. *Van Horn* v.
*Bellar*, 20 Iowa, 255.

2. —— APPEAL FROM JUDGMENT ON AWARD. An appeal does not lie from a judgment of a justice on an award of arbitrators. The action of the justice, in refusing to set aside the award, or to recommit the cause to the arbitrators, may be reviewed by writ of error from the District Court; but no trial of the cause on its merits can be had after the return of the award.

*Appeal from Benton District Court.*

FRIDAY, JUNE 5.

THIS was a proceeding under the statute, by arbitration, and, by agreement, the award was to be returned to a justice of the peace and judgment to be entered thereon, which was done.

From the judgment of the justice the defendant appealed to the District Court, where, upon motion, his appeal was dismissed, on the ground that no appeal is allowed from the judgment of a justice upon an award of arbitrators, the District Court having no jurisdiction to try the cause anew on its merits, for which purpose only an appeal brings up the case.

Defendant appeals to this court.

*G. W. Sells* and *J. C. Traer* for the appellant.

*Shane & McCartney* for the appellee.

BECK, J. — I. A justice of the peace has jurisdiction to render a judgment on an award of arbitrators, where, by

1. ARBITRATION: jurisdiction of justice.

agreement of the parties to the arbitration, judgment is so to be rendered thereon, and where the amount of the award does not exceed the sum limiting the jurisdiction of the justice to render judgment by consent. *Van Horn* v. *Bellar,* 20 Iowa, 255.

II. An appeal from a justice of the peace to the Dis-

trict Court, "brings up a cause for trial on the merits, and for no other purpose." Rev. § 3932. If the appeal may be taken from a judgment on an award, the merits of the case must be tried thereon in the District Court. But this cannot be done. The only power to be exercised by a court reviewing an award is to render judgment thereon, or to reject the same for any sufficient reason, or recommit it for rehearing to the arbitrators (§ 3687). No trial of the cause upon its merits can be had in the court to which the award is returned, and of course no such trial can be had upon appeal. The justice, upon a proper showing, can reject an award, or commit the cause for a rehearing to the arbitrators. If he fails so to do upon a proper showing, or does so without cause, his action may be reviewed, and errors committed by him may be corrected, by writ of error from the District Court. The justice, being authorized by law to receive and render judgments upon awards of arbitrators, has the same power, and no other, in regard to them, and must be governed by the same rules in his action upon them which are provided for other courts in like cases.

*2. —— appeal from judgment on award.*

Errors of the justice in such cases are reviewed and corrected as errors of law in other adjudications in justices' courts. The only method pointed out by the statute for that purpose, is the proceeding upon writ of error. The right of appeal does not exist unless by statute, and is not so given in cases of arbitration.

The cases in this court cited by appellant's counsel, do not sustain the rule for which they contend. In *Woodward* v. *Atwater* (3 Iowa, 62), an appeal from the judgment of a justice on an award of arbitrators was entertained in the District Court, and the cause was appealed to this court. But no point was made or decided as to the right of appeal. The other cases cited are not in point.

The judgment of the District Court dismissing the appeal is therefore

Affirmed.