DIBBLE and others *vs.* CAMP.

An appeal does not lie from a judgment entered upon an award of arbitrators, solely on a case containing the testimony taken before the arbitrators, and a copy of the judgment roll.

If a party feels aggrieved by the award, his only remedy is to move the court, at special term, either for an order modifying the award, or for an order vacating it; and upon the grounds, and in the manner provided by the Revised Statutes. (2 *R. S.* 542, §§ 10, 11.)

CALVIN B. Dibble, Barzilla G. Worth, and Geo. M. Dewey, entered into an agreement with Calvin B. Camp, by which they agreed to sell Camp a quantity of cotton. A part of the cotton having been destroyed by fire, while being delivered, a controversy arose as to whether the delivery was complete, and entitled the vendors to full payment. These matters of difference were submitted by the parties to arbitrators, by mutual bonds, under the provisions of the Revised Statutes, which bonds stipulated that judgment might be rendered, in the Supreme Court, upon the award which should be made pursuant to the submission. The arbitrators made their award in favor of the vendors, against Camp; and judgment was entered, thereon, in the Supreme Court, in the usual form. The judgment included costs and expenses, which had been allowed by the award, and also an allowance in addition to costs, which was made by order of the court.

Camp appealed from the judgment, to the court at general term; and made a case, containing the submission and other parts of the judgment roll, and also the testimony taken by the arbitrators.

*Nelson Cross,* for the appellant.

*M. M. Vail,* for the respondent.

Dibble v. Camp.

*By the Court,* INGRAHAM, P. J. We are all of the opinion that this judgment must be affirmed. If the plaintiff feels aggrieved at the award, his only remedy is to move the court, at special term, either for an order modifying the award, or for an order vacating it; and upon the grounds, and in the manner provided by the Revised Statutes. It is conceded by the counsel for the appellant, that he has no statutory grounds for such a motion. He is therefore concluded by the judgment, which can only be reviewed by a writ of error; and he has no right to make a case and appeal thereon, for the purpose of reviewing the award made by the arbitrators on the merits.

The court will not in any case review an award made by arbitrators, under the statute, except on grounds specifically provided by the Revised Statutes, viz., fraud or undue means in procuring it, evident partiality or corruption in the arbitrators, misconduct or excess of power on their part, imperfect award, miscalculation, mistake, or unauthorized award. (2 *R. S.* 542, §§ 10, 11.)

Judgment affirmed, with costs.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 3, 1871. *Ingraham,* P. J., and *Cardozo* and *Geo. G. Barnard,* Justices.]