# Alabama Agricultural and Mechanical Association *v.* Trimble.

*Action against Agricultural Association, to recover Prize offered to Successful Rider at Tournament.*

1. *Award of judges or arbitrators of public contest of skill in riding.* — At a tournament, or public contest of skill in riding, held by an agricultural association

[Alabama Agricultural and Mechanical Association *v.* Trimble.]

during one of its fairs, the judges being appointed by the association, and having to decide upon information given to them by heralds specially appointed for that purpose, their decision is in the nature of an award at common law, and governed by the same rules as to setting it aside; on complaint being presently made against it, they may review and reconsider it, and make another and different decision, at any time before their duties can be reasonably said to have terminated; but they are not at liberty, in making their award (nor is the court in an action against the association founded on the award), to receive the testimony of any other witnesses than the heralds, who were specially charged with the duty of ascertaining and reporting the facts to the judges.

2. *Error without injury.* — When the judgment cannot be different on another trial, the appellate court will not reverse on account of errors committed by the court below.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN D. CUNNINGHAM.

WATTS & TROY, for appellant.

ARRINGTON & GRAHAM, *contra.*

B. F. SAFFOLD, J. — The appellee sued the appellant, to recover a prize of $400, which the association had offered to the most successful contestant in a tournament; and judgment was rendered in his favor by the City Court.

The test of skill and success was the frequency with which each *knight*, as the competitors were called, bore a ring from its support, by passing his lance through it. The ring was pendent by a piece of flannel, and bearing it off by a thrust through *that* was not counted. The judges appointed by the defendant to determine the contest, and to award the prize, were not expected to decide from their personal observation, but heralds were selected whose duty it was to observe whether and how the ring was taken, and report the result through each other to the judges. At the tournament, these formalities were practised; and on the report of the proper heralds, the prize was awarded to William Killough, and would have been delivered to him if it had been in the hands of the judges when other prizes were awarded. Before its delivery, however, complaint was made that one of the takings of the ring credited to Killough had been made by a thrust of his lance through the flannel. The judges summoned him to appear before them the next morning, and hear a contest of his right to the prize by other claimants. He so appeared, with witnesses, and the contest was made by the examination of witnesses for and against his right, resulting in a decision by the judges that the taking of the ring objected to ought not to be counted, and that there was a tie between Killough and the plaintiff Trimble. It was then proposed that these two should contend again with each other. Killough refused, but Trimble assented. Another trial was appointed, at which Trimble ap-

[Alabama Agricultural and Mechanical Association *v.* Trimble.]

peared and contended, but Killough did not; whereupon the prize was awarded to Trimble.

The court below heard the testimony of witnesses, other than the heralds and judges, tending to prove how the first trial of skill resulted. This evidence was objected to by the defendant. The defendant also objected to the evidence of the second award.

As we gather the terms upon which the tournament was held from the transcript, it appears that the judges appointed by the defendant were to determine the contest upon the reports made to them by the heralds. Whether it was competent for them to take into consideration any evidence given by themselves, or any of the knights, it is very clear that they ought not to have examined any outside witnesses not charged with the duty of ascertaining the facts. No authority to examine witnesses on oath is shown, and the contestants did not engage to have their claims decided on the observations of any person who might chance to be in the assemblage. It does not, however, appear that this was done on the reconsideration of the first award. It is not stated what witnesses were examined.

The tournament was an incident of the fair; and, as the second riding took place the next day after the first, we have no reason to suppose that the duties of the judges of these awards terminated immediately with the tournament. The notice of a contest of the right of Killough to the prize was given the evening of the tournament; and if the judges thought they had made a mistake of fact, it was proper and right that they should review their decision, especially as the prize had not been delivered. Before the second decision, in review of the first, can be set aside, its error must be shown. If the error depends upon the contested taking of the ring by Killough, it must be shown by the evidence of the witnesses appointed to observe how it was taken. As there was a tie between Trimble and Killough, the first prize was not won by either. It was, therefore, competent for the judges to require another competition between these two.

The court erred in admitting the testimony of the policeman Williams, and other witnesses, who were not assigned to the duty of ascertaining the facts at the time of the tournament. As no objection was made to the legality of any of the evidence taken by the judges on the review of their first decision, and no fault in that respect appears on the face of that decision, it is not seen how, on another trial of this cause, if we reverse the judgment, a different judgment can be rendered, The award made, if not an award at common law, is in the nature of such, and ought not to be set aside, except for causes

which would vitiate such awards. *Bumpass* v. *Webb*, 4 Port. 65; *Wright* v. *Bolton & Stracener*, 8 Ala. 548. The reason why the first award should not be considered as equally conclusive is, that its reconsideration followed so immediately on its rendition, and pertained to a most essential fact. Time and circumstances indicate the finality of any occurrence or event. As it would be unjust to allow any arbitrator or judge to review his decision, made after due deliberation, so would it be to catch the words from his mouth, as conclusive of his opinion on the several propositions of the matter he was hearing. The report made to the judges of the tournament, respecting the taking of the ring by Killough, might have been presently ascertained not to have come through the heralds, or a herald might have made a mistake which he was willing to correct. The fair had not ended, nor had the judges been discharged. The matter was still *sub judice.*

The judgment is affirmed.