[Collins v. Louisville & Nashville R. R. Co.]


# Collins *v.* Louisville *&* Nashville Railroad Company.

*Submission of Pending Cause to Arbitration.*

70　533
98　311.

1. *When appeal lies from award.*—When a pending cause is submitted to arbitration (Code, § 3547), the award of the arbitrators can not be revised on writ of error or appeal, until it has been entered up as the judgment of the court, or until that court has rendered judgment setting aside the award; and an appeal lies from the judgment, not from the award.

This case is brought up on a certificate of appeal granted by the clerk of the Circuit Court of Morgan, but the record does not show any judgment rendered by that court, and the certificate states that the appeal is taken from the award rendered by arbitrators, to whom was submitted a cause pending in that court. ·

CLARK, WERT & WERT, for appellant.

BRICKELL, C. J.—This appeal is prosecuted from the award of arbitrators, to whom the parties to a pending suit submitted the matters in controversy for decision. The record does not show that the award has been entered as the judgment of the court in which the suit was, and, so far as we are now informed, is yet pending. In the absence of a statute authorizing it, an appeal, writ of error, or other revisory remedy, will not lie to any court from the award of arbitrators. The award may be impeached and vacated, whenever the party in whose favor it is rendered relies upon, or seeks its enforcement, if fraud, partiality, or corruption can be imputed to the arbitrators; or if they transcend the submission; or if it is wanting in the elements of finality and conclusiveness, not determining the matters embraced in the submission. These are inquiries which can become the subject of contestation in the courts, only when the award is pleaded as the cause of action, or as matter of defense.

The statute (Code of 1876, § 3547) authorizes the courts of primary jurisdiction to enter, under certain circumstances, the award of arbitrators, as the judgment or decree of the court, and implies and involves the power of the court to set aside the award; and, employing the language of the statute, "from the judgment or decree so entered up, or from the judgment set-

[Grimball v. Cruse.]

ting aside the award, an appeal shall lie, as in other cases." It is from the decree or judgment of the court, entering the award as its judgment, or setting the award aside, an appeal is given, and not from the award itself. Until the award is entered as the judgment of the Circuit Court, it does not dispose of the cause therein pending—it is not of injury to the appellant. The statute gives an appeal from that judgment, and not from the award. Until the judgment is entered, the award is merely matter which may or not become of injury to the party against whom it is rendered.

The court is without jurisdiction of this appeal, and it must be dismissed.