[Wilbourn v. Hurt.]

# Wilbourn *v.* Hurt.

$\overline{139}$  557|
142  680|

*Arbitration Proceedings.*

1.  *Arbitration; effect of judgment on award by justice of the peace;
    no appeal therefrom.*—While, under the statute relating to
    arbitration, appeals are allowed from judgments entered up-
    on an award in certain cases and under certain circumstan-
    ces, (Code, § 522), such appeals can be taken only to the Su-
    preme Court; and when the award is upon the submission of
    a controversy which is not the subject of a binding suit, ap-
    peals from a judgment on such award are limited to such
    only as are returnable into the circuit court; and in such a
    case, where, under the statute, the award is returnable to a
    court of the justice of the peace, no appeal is allowed at all
    from the judgment rendered thereon in the justice's court.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

A controvery existed between the parties to this ap-
peal and by a written agreement signed and sealed by
the parties all the matters in controversy were submit-
ted to arbitration under section 509 to 523 of the Code
of 1896.   The parties appeared before the arbitrators,
evidence was heard and the arbitrators rendered an
award in writing signed by each of them awarding the
sum of fifty dollars as due from S.E. Wilbourn to J. W.
Hurt.   The submission in writing and the written award
of the arbitrators were filed in the office of Clifton C.
Johnston, a justice of the peace in and for Perry county,
Alabama, and the award so filed was entered up by said
justice of the peace as the judgment of his court.   Ap-
pellant Wilbourn made no objection to the entering up
of the award as a judgment by the justice of the peace,
tendered no bill of exceptions to the arbitrators to be cer-
tified by them, but after the award had been entered up,
gave bond and appealed to the circuit court of  Perry
county, Alabama.

[Wilbourn v. Hurt.]

When the appeal came to be heard in the circuit court, appellee Hurt moved to dismiss on the grounds that there was no provision of law for jurisdiction of such appeal, and on other grounds stated in said motion; and also moved to strike said appeal from the docket on the grounds stated in the motion to dismiss. These motions were overruled by the court and appellee excepted. Appellant then moved the court to dismiss the cause for want of prosecution on the ground that there was no complaint filed by appellee. This motion was overruled by the court and appellant excepted. Appellee then moved the court to enter up the award sent up in the file from the jutsice of the peace court as the judgment of the circuit court. Appellant thereupon moved the court to strike said motion to enter up the award as the judgment of the circuit court from the file, on the grounds that no complaint had been filed, and that no trial had been had upon the appeal from the justice of the peace court and that appellant was entitled to a trial *de novo*. This motion to strike being overruled by the court, the court granted appellee's motion to enter up as the judgment of the circuit court the award of the arbitrators as found in the file sent up by the justice of the peace. Appellant excepted to the overruling of his motion to strike, and also to the granting of appellee's motion to enter the award as the judgment of the circuit court; and from said judgment appeals to this court.

W. F. HOGUE, for appellant.—It was error for the circuit court to overrule appellant's motion to dismiss the cause pending in said court because no complaint had been filed.—*Heyman v. McBurney*, 66 Ala. 511.

The statute avers that upon an award being returned into court, a judgment is rendered thereon. If this judgment should be rendered by a justice of the peace, an appeal can be taken therefrom; the appeal not being from the rendition of the award, but from the judgment rendered on the award.—*Collins v. L. & N. R. R. Co.*, 70 Ala. 533.

If the judgment of the circuit court was without au-

thority to enter up the judgment appealed from, such judgment is absolutely void.—*Goodman v. Winter,* 64 Ala. 410.

W. O. JOHNSON and STEWART & STEWART, *contra.* Arbitration is not an action commenced in a court. The party submitting to the arbitration waives his right to a trial by jury as to the matters in controversy, and therefore, cannot have the decision of the arbitrators reviewed and revised when they have lawfully proceeded to decide and pass upon them.—*Crook v. Chambers,* 40 Ala. 239; *Boyden v. Lamb,* 152 Mass. 416.

No appeal lies from a judgment of a justice of the peace on an award.—Code, § 522; *Whittle v. Culver,* 25 Iowa, 30; *Davis v. Leeds,* 7 La. 471; *Moore v. Boyer,* 42 Ohio St. 312; *Wright v. Bolton,* 8 Ala. 548; *Rouston v. Moffatt,* 3 Black. 141; 3 Cyc. L. & P. 766 and notes.

"When the statute provides for the review of the judgment on certain specified grounds only, the courts are precluded from reviewing the judgment except for the causes specified in the statute."—3 Cyc. P. & P. 766. "In the absence of statutory authority te merits of the award will not be inquired into."—*Dibble v. Camp,* 60 Barb. (N. Y.) 150.

McCLELLAN, C. J.—The law favors, and, by express statute, it is made the duty of courts to encourage the settlement of controversies by reference thereof to arbitrators chosen by the parties.—Code, § 508. The theory upon which the law and courts encourage such settlements is that they facilitate and expedite the adjustment of disagreements between citizens, they save the time of the courts and the costs of regular judicial proceedings, and, being made pursuant to the agreement of the parties and by persons of their own selection, they are likely to be more satisfactory to all concerned and to assuage and heal animosities thereby conserving the general good. To conserve these ends, and to justify their favor and encouragement of the law and the courts, it is necessary that such settlements should *settle* the controversies involved, close them up, and conclude them

out of court. If any party dissatisfied with a settlement made by arbitrators may bring the controversy into court and there have it reinvestigated, and litigated and determined over again, the whole scheme and theory and purpose of arbitration would be thwarted and defeated; there would be no basis for the favor and encouragement of the law and the courts, and instead of time and costs being saved, and animosities being allayed, litigation would be repeated and drawn out, costs would be increased and ill feeling engendered, intensified and prolonged beyond what would be incident in any of these respects to suits in the courts in the first instance. In other words, the submission to arbitration might well in every case, and certainly would in many, operate to the creation or aggregation of the very evils which it is the purpose of the law to avoid or to lessen by recognizing, providing for and encouraging this mode of settling controversies among the parties. But apart from the foregoing considerations, it is altogether illogical that a party to an arbitration should be allowed to take the controversy into the courts after it has been submitted to arbitrators and decided by them. His submission of it is entirely voluntary; there is no coercion or compulsion about it. The consideration for his agreement of submission is a like argument on the part of his adversary. Their minds come together to the conclusion that this is the best way to adjust their differences. They select the person or persons who shall determine the issues between them, *and they contract* one with the other that the arbitrators thus selected shall determine and declare their rights and duties in the premises, and they *bind* themselves to abide by and perform whatever award may be made. It is not their contemplation nor their contract that the award shall be tentative merely, or evidential merely, or merely preliminary to litigation in the courts; but it is their contemplation and undoubtedly their binding contract that the award shall finally settle and forever determine the controversy. Each of them is as much bound by the award as if each, without controversy or arbitration had agreed, contracted and promised in writing to pay the

[Wilbourn v. Hurt.]

money or do the thing each is required by the award to pay or do; it is as much an *agreed* settlement of their dispute in the one case as the other; and neither can any more avoid or escape the duty imposed by the award than he can avoid or escape the obligation imposed by his contract. If he made the contract and has not performed it, and it is sued upon, he has no defense to such suit. He may show if he can that he did not sign it or that he has performed it, but failing in this he is absolutely bound by it. So with an award: If he has submitted a matter to arbitrators, and they have jointly considered that matter and determined it and made their award accordingly, and he is sued upon that award, he has no defense to such suit. He may show, if the can, that they have not considered the matter submitted, or that their award is corrupt, but failing in this he cannot have a reinvestigation of the controversy and a retrial of its issues in any court, because he has foreclosed all that by a valid and binding contract that those issues shall once for all be investigated by judges of his own selection, and that their conclusion upon them shall determine, and forever settle the controversy. He has no right to have his controvery tried by a court, because he has contracted away this right in consideration of having it settled by judges of his own selection, and the law recognizes and the courts will hold him to this contract whether the award be a common law or a statutory award: The controversy has been settled as he voluntarily and upon valuable consideration agreed that it should be settled; and there it must and does end. It is, therefore, not only subversive of the whole theory of arbitration, the emasculation of the whole system, altogether illogical and even absurd to allow a retrial of the controversy in the courts, by appeal or otherwise, but it involves the participation by the courts in a flagrant violation of the express, valid and binding contract of the parties.

We have been discussing awards generally without special reference to our statutory provisions on the subject of arbitration. When the legislature came to deal

[Wilbourn v. Hurt.]

with this subject, it not only fully recognized the general doctrine as to the finality and conclusiveness of awards, but out of abundant care and caution it expressly reiterated and declared that doctrine as applicable to our statutory awards. This is the provision: "An award made substantially in compliance with the provisions of this chapter, is conclusive between the parties thereto, and their privies, as to the matter submitted, and cannot be inquired into, or impeached for want of form or for irregularity, if the award determines the matter or controversy submitted; and such award is final, unless the arbitrators are guilty of fraud, partiality or corruption in making it."—Code, § 521. This section was a part of the chapter on arbitration embodied in the Code of 1852. It would have been strange indeed had the able and learned lawyers who prepared that Code, conversant as they were with the theory and law of arbitration and the legal qualities of awards, followed this unequivocal declaration of their finality and conclusiveness, with provisions for appeals from them whereby their conclusiveness would be destroyed and the whole purpose and theory of the statute would be perverted and thwarted. This strange thing was not proposed by the eminent men who prepared that body of laws, nor done by the legislature of that day. There is no semblance of a provision in this chapter as embodied in the Code of 1852 or in the Code of 1867 for any appeal under any circumstances from an award, directly or indirectly, nor for a retrial of a controversy once determined by arbitration in any way whatever. There was, it is true, in the chapter as originally codified, the following provision: "If the award is not performed within ten days after notice, and deliverey of a copy thereof, the successful party may return the submission and the award to the clerk of the circuit court of the county in which the award is made, if for the payment of more than fifty dollars, for the delivery of specific property, or to do or omit to do any particular act. If for fifty dollars or less then to a justice of the peace of the county; and such award has the force and effect

of a judgment at law, upon which execution may issue
as in other cases," (Code of 1852 § 2714) ; and this pro-
vision has been brought forward into all subsequent
Codes, and constitutes section 513 of the present Code.
And upon this section the argument is made for the ap-
pellant that its effect is to merge the award and make
it a judgment of the court to which it is returned for all
purposes, and that from such judgment and appeal lies
as from ordinary judgments in that court under the pro-
visions of the general statutes on the subject of appeals
from the circuit court.   The position is untenable.   In
the first place, the statute quoted does not provide that
an award so returned shall be the judgment or shall be
entered up as the judgment of the court to which it is
returned, but only that it shall have the force and effect
of a judgment.   But apart from that, it is manifest that
the sole and only purpose of this provision of the statute
was to provide a summary means of enforcing awards
which are declared by this statute itself to be final and
conclusive between the parties; and it were singular
indeed to accord to a provision for the summary en-
forcement of a conclusive award the effect of destroying
that conclusiveness and of affording a means of prevent-
ing its ever being enforced at all.   Without this provis-
ion for the running of an execution on an award, the
successful party to the arbitration to enforce it would
have to sue upon his award.   Even in such action, as we
have seen, the controversy determined by the award
could not again be inquired into, there could not be a
retrial of the issues passed on by the arbitrators, but
the award would be final and conclusive of those issues.
The purpose of this section was to provide a more expe-
ditious and inexpensive method to accomplish the same
end.   Recognizing that the award had settled the mat-
ters at issue between the parties so that they cannot be
again opened and retried in any sort of proceeding, and,
therefore, appreciating that no good end could be sub-
served by putting the successful party to his action on
the award, this statute gives him without such action
the same relief he would be entitled to at the end of it,
namely, an execution for the enforcement of the award.

That is the sole purpose and operation of the statute. Even if it were assumed that under this section the award becomes the judgment of the court in the general and ordinary sense, still no appeal would lie from it. A party cannot appeal from a judgment to the rendition of which he consents. Thus a confessed judgment will not support an appeal. Nor can a plaintiff appeal from a judgment of non-suit voluntarily taken by him. One who submits a controversy to arbitrators and agrees to perform their award, also, in view of this statute, agrees that the award shall have the force and effect of a judgment. The entering up of a judgment as the award, if judgment should be entered up, is merely formal and as matter of course, a mere carrying out of the contract of the parties, and when it is entered or comes to stand in any way, as a judgment, it is a consent judgment from which no appeal lies. Hence our conclusion, *first,* that under section 2714, Code, 1852—which was section 3153, Code, 1876, and is section 513, Code, 1896,—an award did not become a judgment of the court into which it was returned in the ordinary sense in which the word is used in the general statutes authorizing appeals, and, *second,* that, in any view as to the award becoming a judgment and as to the character of that judgment in other respects, it was a judgment, or had the force and effect of a judgment in consonance with the agreement of the parties and could not, for that reason, support an appeal. The considerations upon which we have proceeded to this result are more or less discussed and illustrated in the following cases: *Davis v. Leeds,* 7 La. 471; *Boyden v. Lamb,* 152 Mass. 416; *Dibble v. Camp,* 60 Barb. 150; *Moore v. Boyer,* 42 Ohio St. 312; *Whitis v. Culver,* 25 Iowa, 30. Prior to the Code of 1852 the statute expressly provided that awards should be entered up of record and made judgments or decrees of the courts in which they were so entered, and appeals were expressly allowed therefrom, but such appeal permitted only the inquiry whether the award was "obtained by corruption, evident partiality, or other undue means," (Clays' Dig. p. 50); and the finding and

conclusion of the arbitrators on the facts could not be revised on such appeal.—*Wright v. Bolton*, 8 Ala. 548. These provisions for appeal were not carried into the Code of 1852, and under that Code some other mode of attack upon awards and upon judgments on awards had to be resorted to. Of course, they could be attacked in equity for fraud, partiality or corruption, want of requisite notice and the like. They might also be assailed by motion on such grounds to set aside and vacate the judgments or to quash executions, made in the court into which the awards are returned, and probably also the action of the court upon such motions would support an appeal, but on such appeals the inquiry would be confined to these grounds and not allowed to go into the correctness of the award on the evidence adduced before the arbitrators, nor would other evidence going to the correctness of their finding be received. .

This was the state of our statute law bearing on the question of appeals in such cases until the act of August 12th, 1868, which amended section 3160 of the Revised Code, which, as we have seen, was section 2721 of the Code of 1852, so as to make it read as follows: "An award made substantially in compliance with the pro-. visions of this chapter, is conclusive between the parties thereto, and their privies, as to the matter submitted, and cannot be inquired into or impeached for want of form or irregularity if the award determines the matter or controversy submitted, and is final unless the arbitrators are guilty of fraud, partiality, or corruption in making it, unless [and this is the amendment] one of the parties within five days after receiving notice of the award files in the office of the clerk, register or judge of the court in which the case is pending a notice of appeal to the Supreme Court, and he prepares and tenders to the arbitrators a bill of exceptions, setting forth all the evidence in the cause, which, with the conclusions of law of the arbitrators and their award thereon, shall be certified by the arbitrators, and returned with the papers of the cause to the court in which said cause is pending, and the same may, either in term time or vacation, be by the clerk, register or judge of the court en-

tered up as the judgment or decree of the court, and shall stand as the judgment and decree of the court unless set aside for some of the causes hereinabove specified, and from the judgment or decree so entered up, or the judgment setting aside the award or appeal, an appeal shall be as in other cases."—Acts, 1868, p. 136. This amendatory statute has been brought forward into subsequent Codes somewhat altered, and is embodied in a separate section in the Code of 1896, immediately following the provision as to the finality of awards contained in the original section, in this language: "Section 522. *Appeal to Supreme Court.*—Either party may, however, [that is to say, notwithstanding the declaration of conclusiveness in section 521] within ten days after receiving notice of the award, file in the office of the clerk, register or judge of the court in which the cause is pending, or, if no suit is pending, in the office of the clerk of the circuit court to which the award is returnable under the provisions of this chapter, a notice of appeal to the Supreme Court, and may tender to the arbitrators a bill of exceptions setting forth all the evidence in the cause, which, with the conclusion of law of the arbitrators, and their award thereon, shall be certified by them, or a majority of them, and returned with the file of papers, or with the submission, as the case may be, to the court to which the award is returnable; and either in term time or vacation, the clerk, register or judge of the court may enter it up as the judgment or decree of the court, unless set aside for some of the causes specified in the preceding section, or for the failure or refusal of the arbitrators to certify a correct bill of exceptions as herein provided; and from the judgment or decree so entered up, or from the judgment setting aside the award, an appeal would lie as in other cases." This act of 1868 is a clear legislative recognition of the position we have taken that prior to that time no appeal was allowed from judgments on awards. That statute in the form of its present codification does allow appeals from such judgments in certain cases and under certain circumstances. In all other cases and under all other circumstances the awards are final and

[Wilbourn v. Hurt.]

conclusive between the parties and their privies. The appeals that are allowed can be taken only to *the Supreme Court*. When the award is upon a submission of a controversy which is not the subject of a binding suit, appeals are limited to such only as are returnable into *the circuit court*. In such a case returnable to a justice's court no appeal is allowed at all. That is the case we have here. No suit was pending between the parties. They agreed to submit their controversy to arbitrators. The arbitrators regularly made an award that one of the parties should pay the other the sum of fifty dollars. This award was returnable under the statute to a justice's court. It was returned to such court. The losing party thereupon went through the form of taking an appeal to the circuit court, that is, he took an appeal as if the controversy had been tried by the justice and judgment had been rendered by him as the result of such trial before him. If he had had a right of appeal at all it could not have been availed of in this way, but only in the manner pointed out in section 522, by bill of exceptions, etc. But neither that section nor any other statute gave him any right of appeal whatever. When he got his case on the docket of the circuit court, it should have been stricken therefrom. Its being there gave that court no jurisdiction in the premises. But that court overruled a motion to dismiss the appeal and afterwards rendered a judgment, making the award the judgment of the circuit court, and adjudging further that the successful party to the award, designated as the plaintiff, have and recover of the other party and the sureties on the appeal bond the amount of the award and interest. The circuit court having no jurisdiction of the case its said judgment, from which the appeal is prosecuted, was void, and will not support this appeal. All this court can do in the premises is to dismiss the appeal.

Appeal dismissed.