179 So.2d 741

Kenneth E. MOSS et al.

v.

W. K. UPCHURCH d/b/a W. K. Upchurch Construction Company.

3 Div. 138.

Supreme Court of Alabama.

Nov. 4, 1965.

616

Whitesell, Alton & DeMent, Montgomery, for appellants.

Thos. F. Parker and J. Thaddeus Salmon, Montgomery, for appellee.

## PER CURIAM.

This is an appeal from an alleged judgment incident to a statutory arbitration proceeding initiated between the parties in Montgomery County; also, an appeal from an order or judgment in the circuit court of Montgomery County overruling and denying appellants' motion to vacate and set aside the award of the arbitrators and to strike the report of the award from the minutes of the circuit court.

Also, presented for consideration is appellants' original petition, filed in this court, for a writ of mandamus, or, in the alternative, a writ of certiorari directed to the circuit judge of Montgomery County for appropriate compliance.

The first question we will consider is whether or not the order of the circuit judge that the proceedings in the cause pertaining to the award (including the report of the award) be entered in the book re-

quired to be kept under the provisions of subsection (a) 8 of § 198, Title 13, Code of 1940, is such a judgment as will support the appeals here undertaken. If, not, this court is without jurisdiction and must ex mero motu dismiss the appeals taken on this order or judgment. Martin v. Alabama Power Company, 208 Ala. 212, 94 So. 76(2).

The parties to this appeal voluntarily entered into a written agreement to settle by arbitration some of their differences over claimed constructural defects vel non in a motel (Diplomat Inn) in Montgomery that was constructed by appellee under a contract with appellants. The areas of contentions with respect to the defects were catalogued in the agreement for arbitration. There was no suit pending.

There were three arbitrators agreeable to the parties, but only two signed the agreement fixing the award. The third, after participating in the investigations and deliberations, declined to sign. A majority of the arbitrators is sufficient to warrant the report. Section 833, Title 7, Code 1940,

The award, signed by two arbitrators, dated September 3, 1963, was in favor of plaintiff (appellee here) and fixed the amount at $11,079.01. Notice of the award was given to appellants three or four days after September 3, 1963, so appellant Moss testified.

On September 17, 1963, appellee made known in writing to the circuit court of Montgomery County that the arbitrators had rendered a decision, filed the written agreement of the award with the circuit clerk, and prayed that the award be entered up as a judgment of the court pursuant to the laws of Alabama. Copy of the motion and of the award (attached in writing as an exhibit) were mailed to appellants on September 17, 1963. This according to a certificate of attorney for appellee.

Thereupon, on September 25, 1963, appellants, separately and severally, filed pleas in abatement to the motion. The pleas were heard and overruled on October

**618**

7, 1963. The trial court on said date directed the circuit clerk "to enter upon the book required to be kept by him under the provisions subsection (a) 8 of Section 198 of Title 13, Code of Alabama, 1940, the proceedings in this cause."

 The certificate of award when filed with the clerk of the circuit court, as provided by § 834, Title 7, Code of 1940, has the force and effect of a judgment at law, upon which execution may issue as in other cases. The award when so filed did not become an appealable judgment or a judgment of the circuit court for all purposes. For the award to become such a judgment the mandates of § 843, Title 7, Code 1940, must be observed and met.

This court, speaking through the late and distinguished jurist, Chief Justice McClellan, in the case of Wilbourn v. Hurt, 139 Ala. 557, 563–564, 36 So. 768, 770, observed:

"* * * In the first place, the statute quoted [now §˙ 834, supra] does not provide that an award so returned shall be the judgment, or shall be entered up as the judgment of the court to which it is returned, but only that it shall have the force and effect of a judgment. But apart from that, it is manifest that the sole and only purpose of this provision of the statute was to provide a summary means of enforcing awards which are declared by this statute itself to be final and conclusive between the parties; and it were singular indeed to accord to a provision for the summary enforcement of a conclusive award the effect of destroying that conclusiveness, and of affording a means of preventing its ever being enforced at all. Without this provision for the running of the execution on an award, the successful party to the arbitration to enforce it would have to sue upon his award. Even in such action, as we have seen, the controversy determined by the award could not again be inquired into. There could not be a retrial of the issues

passed on by the arbitrators, but the award would be final and conclusive of those issues. The purpose of this section was to provide a more expeditious and inexpensive method to accomplish the same end. Recognizing that the award had settled the matters at issue between the parties, so that they cannot be again opened and retried in any sort of proceeding, and therefore appreciating that no good end could be subserved by putting the successful party to his action on the award, this statute gives him without such action the same relief he would be entitled to at the end of it, namely, an execution for the enforcement of the award. That is the sole purpose and operation of the statute. Even if it were assumed that under this section the award becomes the judgment of the court in the general and ordinary sense, still no appeal would lie from it. A party cannot appeal from a judgment to the rendition of which he consents. Thus a confessed judgment will not support an appeal. Nor can a plaintiff appeal from a judgment of nonsuit voluntarily taken by him. One who submits a controversy to arbitrators, and agrees to perform their award, also, in view of this statute, agrees that the award shall have the force and effect of a judgment. The entering up of a judgment as the award, if judgment should be entered up, is merely formal and as matter of course—a mere carrying out of the contract of the parties—and, when it is entered or comes to stand in any way as a judgment, it is a consent judgment, from which no appeal lies. Hence our conclusion, *first,* that under section 2714, Code, 1852 [now Code 1940, Title 7, § 834]—which was section 3153, Code, 1876, and is section 513, Code, 1896, an award did not become a judgment of the court into which it was returned, in the ordinary sense in which the word is used in the general statutes authorizing ap-

peals; and, *second,* that, in any view as to the award's becoming a judgment, and as to the character of that judgment in other respects, it was a judgment, or had the force and effect of a judgment, in consonance with the agreement of the parties, and could not, for that reason, support an appeal. * * *"

■ The above opinion was dealing with an arbitration agreement returnable to the justice's court from which the statute did not provide a means of appeal. It illustrates, as we will later observe, that there is no appeal from an award without statutory authorization. Section 843, Title 7, Code 1940, provides for an appeal from awards returnable to the circuit court. Without such statutory intervention on the part of appellants, there is no appealable judgment. Appellants did not invoke the aid of § 843, supra.

With respect to § 843, supra, certain mandates have to be met. These prerequisites are catalogued in the code section. One of the mandates is that the party desiring to appeal must "within ten days after receiving notice of the award, file in the office of the clerk, register, or judge of the court in which the cause is pending, or, if no suit is pending, in the office of the clerk of the circuit court to which the award is returnable * * * notice of appeal to the court of appeals or supreme court * * *." The statute concludes, "and from the judgment or decree so entered up, or from the judgment setting aside the award, an appeal shall lie as in other cases." It is to be noted that the appeal is from the judgment of the court, made so by the statutory appeal, and not from the award having force and effect of a judgment. The statute provides that "the clerk, register, or judge of the court may enter it up as the judgment or decree of the court, and it shall stand as the judgment or decree of the court, unless set aside for some of the causes specified in the preceding section, or for the failure or refusal of the arbitrators to certify a correct bill of exceptions as herein provided * * *." See, also: Collins v. Louisville & Nashville Railroad Company, 70 Ala. 533.

■ It is our opinion that the appeals on the award or purported judgment rendered by the arbitrators are due to be dismissed. There was no compliance by appellants with § 843, Tit. 7, Code of 1940; no notice of appeal was given. Therefore, the award, having force and effect of a judgment, never ripened into a judgment that supports the appeals here undertaken. The appeals may be dismissed ex mero motu. Martin v. Alabama Power Company, supra.

Now we consider the status of the appeal from judgment of the lower court in denying appellants' motion there filed "to set aside an award or strike from the minutes of the records" the award to appellee. After hearing evidence on the motion, the trial court, on January 10, 1964, denied it. Notice of appeal from said judgment of order of denial was filed on March 16, 1964. We pretermit discussion of whether or not the appeal was filed in time.

In Wilbourn v. Hurt, supra, the court further elucidated:

" * * * Prior to the Code of 1852 the statute expressly provided that awards should be entered up of record, and made judgments or decrees of the courts in which they were so entered, and appeals were expressly allowed therefrom, but such appeal permitted only the inquiry whether the award was 'obtained by corruption, evident partiality, or other undue means.' Clays' Dig. p. 50. And the finding and conclusion of the arbitrators on the facts could not be revised on such appeal. Wright v. Bolton, 8 Ala. 548. These provisions for appeal were not carried into the Code of 1852, and under that Code some other mode of attack upon awards and upon judgments on awards had to be resorted to. Of course, they could be attacked in equity for fraud, partiality, or corruption, want of requisite notice, and the like.

They might also be assailed by motion on such grounds to set aside and vacate the judgments or to quash executions, made in the court into which the awards are returned, and probably, also, the action of the court upon such motions would support an appeal; but on such appeals the inquiry would be confined to these grounds, and not allowed to go into the correctness of the award on the evidence adduced before the arbitrators, nor would other evidence going to the correctness of their finding be received.

"This was the state of our statute law bearing on the question on appeals in such cases until the act of August 12th, 1868, which amended section 3160 of the Revised Code, which, as we have seen, was section 2721 of the Code of 1852 so as to make it read as follows: * * * [The amendatory Act embraces what is now § 842, Title 7, Code of 1940 and substantially § 843, Title 7, Code of 1940] Acts, 1868, p. 136. * * This act of 1868 is a clear legislative recognition of the position we have taken that prior to that time no appeal was allowed from judgments on awards. That statute, in the form of its present codification, does allow appeals from such judgments in certain cases and under certain circumstances. *In all other cases and under all other circumstances the awards are final and conclusive between the parties and their privies. * * *"* [Emphasis supplied.]

This method of appeal for review of an award as provided in § 843, supra, is exclusive at law; it precludes all other challenges at law if notice has been given as mandated by said section. We pretermit observation as to when and under what circumstances, if any, a court of equity may intervene.

If an appeal had been taken in the case at bar, the circuit court was empowered to review deviations of the arbitrators within the confines of §§ 842, 843, supra. Collins v. Louisville & Nashville Railroad Company, 70 Ala. 533.

The trial court in the case at bar was not empowered to entertain or grant the motion of appellants to vacate the award and strike the proceedings from the record of the court. Appellants, under the facts obtaining, were remitted to their remedies by appeal to challenge the award on the grounds and in the manner provided by §§ 842, 843, Title 7, Code 1940.

Since there was no valid motion before the trial court, this court is without jurisdiction to entertain an appeal from the judgment of the trial court denying the motion. The appeals on the judgment overruling the motion are due to be dismissed.

## ON THE MOTION FOR A WRIT OF MANDAMUS, OR IN THE ALTERNATIVE, A WRIT OF CERTIORARI

We have observed that appellants had a remedy by appeal from the award; they failed to exercise this right within the time and manner fixed by law. Section 843, supra.

We have held that a writ of certiorari will not issue if a remedy by appeal is adequate. Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824.

We have also held that mandamus will not lie when there is a remedy by appeal, and it will not be granted for the purpose of review as a substitute for appeal. Finley v. Jenkins, 264 Ala. 536, 88 So.2d 329.

Since there was no valid motion before the trial court to review the arbitrators' award, the judgment thereon is invalid and is not subject to review by mandamus or a writ of certiorari.

It is ordered that the petition for a writ of mandamus, or in the alternative, a writ of certiorari, be and the same is denied.

All appeals are dismissed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Appeals dismissed and motion for writ of mandamus or writ of certiorari denied.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.