I concur with Judge Crawley's conclusion that Smith's appeal is timely. I write separately as to this issue to note my understanding that Rule 4(a), Ala.R.App.P., modifies more than just the number of days for appealing an arbitrator's award.
Rule 4(a), Ala.R.App.P., provides, in pertinent part:
 "(1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala.R.App.P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . .
 "(2) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days (2 weeks) of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."
(Emphasis added.) In the case of an arbitrator's award, the "judgment or order appealed from" is the final judgment of the court based on that award, not the award itself. Moss v. Upchurch, 278 Ala. 615, 619,179 So.2d 741, 744-45 (1965).
While § 6-6-15, Ala. Code 1975, still provides the right of appeal from a judgment based on an arbitrator's award and makes Sanderson's appeal one "permitted by law as of right," the time for taking that appeal has been modified by virtue of and consistent with the above-quoted language in Rule 4(a)(1), Ala.R.App.P. As a result, not only has the time period for an appeal in connection with an arbitration award been expanded from the 10 days provided under § 6-6-15 to 42 days, that time period now begins to run under Rule 4(a)(1) from the date of entry of final judgment by the circuit court based on the arbitrator's award, rather than from the date of receipt of the arbitrator's award as stated in § 6-6-15. Likewise, the provision of Rule 4(a)(2) allowing a notice of cross-appeal within 14 days of the date of a notice of appeal by another party is applicable.
The date of entry of final judgment by the trial court in this case was December 29, 2000; Sanderson filed its notice of appeal on February 6, 2001; and Smith filed notice of his appeal on February 8, 2001. Thus, Smith's appeal was taken within 42 days from the date of entry of final judgment by the trial court on the arbitrator's award, and well within the additional period prescribed by Rule 4(a)(2), Ala.R.App.P., for Smith to file a cross-appeal. Consequently, I agree that Smith's appeal was timely. *Page 833 
With respect to Sanderson's appeal of the arbitrator's award of mental-anguish damages, and the substantive merits of Smith's appeal of the arbitrator's failure to award damages for conversion, I concur in the result reached by Judge Crawley.
Finally, I dissent from the reversal of the trial court's order denying Smith's motion for attorney fees pursuant to the Alabama Litigation Accountability Act ("ALAA"). The "without substantial justification"/"groundless in law" standard noted in Judge Crawley's opinion was not intended to result in the imposition of attorney fees against a party making a reasoned, good-faith argument for a change in, or an expansion of, existing law. In such a case, the "grounds" for the party's argument typically can be said to lie in the established jurisprudence or principle(s) of law from which the party requests a judicial body to derive some favorable, although previously unstated, legal proposition. As our Supreme Court explained in Pacific EnterprisesOil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala. 1993):
 "We conclude that the legislature had no intention to chill attorney creativity in making good faith arguments for changes in the law. Trial courts should be exceedingly careful in making a `without substantial justification' finding, so as not to discourage attorneys from creatively arguing for change in the law based on rational, good faith argument."
I do not consider Sanderson's argument regarding mental-anguish damages to be so frivolous as to justify an award of attorney fees under the ALAA.