MAURICE F. TISSIER

*v.*

PHILIP RHEIN.

*Filed at Mt. Vernon October 31, 1889.*

1. JUSTICES OF THE PEACE—*uniformity—constitutional requirement—jurisdiction territorially.* By the act of 1872, it was provided, that in counties under township organization there shall be elected in each town two justices of the peace, and one other for every 1000 inhabitants of such town above 2000, provided no more than five should be elected in any town. In 1877 another act was passed, entitled "An act to authorize county boards, in counties under township organization, to

organize certain territory situated therein, as a town," the sixth section of which provides, that in such cities and towns where the territory of the city and town is the same, the city council may, from time to time, regulate the number of the justices to be elected within such city and town: *Held,* that section 6 of the act of 1877, in prescribing a different rule for determining the number of justices to be elected in a certain class of towns, from that prescribed in the act of 1872, in respect to towns generally, is unconstitutional and void, being repugnant to section 29, article 6, of the constitution, which requires all laws relating to courts to be general, and uniform in their operation.

2. A justice of the peace, though elected by the people of his town, has a jurisdiction which is co-extensive with the limits of the county in which such town is located. His process issues to any part of the county, and suits may be brought before him by persons residing anywhere in the county.

This is an original petition for mandamus, filed in this Court by Maurice F. Tissier against Philip Rhein, the County Clerk of St. Clair County, to compel the latter to issue to the petitioner a certificate of election, certifying to the election of petitioner as a justice of the peace in the town and city of East St. Louis in said county.

The petition shows, that in 1883 St. Clair County adopted township organization and the township of East St. Louis was organized and elected town officers; that, in 1886, the city of East St. Louis adopted what is known as the City Election law, entitled "An Act to regulate the holding of Elections and declaring the result thereof in cities, villages and incorporated towns in this State," Approved June 19, 1885, In force July 1, 1885; that in 1888 the County Board of said County, upon request by resolution of the City council of East St. Louis, provided that the territory embraced in said city should be organized as a town, so that the limits of the town of East St. Louis are the same as the boundaries of the city of East St. Louis; that by ordinance of the city passed in 1888, the offices of City Clerk and town clerk were consolidated into the latter office, and those of city treasurer and township collector were consolidated into the office of city treasurer, and the office

of highway commissioners was abolished; that in August, 1888, the citizens of East St. Louis adopted the general law for the organization of cities; that, at the town election in the town of East St. Louis held in 1885, five justices of the peace and five constables were elected for terms of four years each, expiring April 2, 1889; that, on March 20, 1889, the city council passed an ordinance that thereafter there should be elected in and for the town and city of East St. Louis two justices of the peace, one police magistrate and three constables, and no more; that an election was held in said city and town on April 2, 1889, for Mayor and other officers, the notice of election reciting that it was for "two justices of the Peace for the township" and other officers; that on the tickets were printed the words "For Justice of the peace," "Two to be elected"; that, at the election of April 2, 1889, there were eleven candidates for justice of the peace, and petitioner received 356 votes, "being the fourth highest in the list of candidates for said office, as shown by the official returns;" that the population of said city and town in 1880 was about 10,000, and, in 1889, 13,561; that the Board of election commissioners and the Board of Canvassers of said election canvassed all the votes for Justice of the Peace and declared but two of the eleven candidates elected, they standing first and second on the list; that the returns showed the election of three others, including petitioner, if five were to be elected; that, by section 1 of "An Act to provide for the election and qualification of justices of the peace," etc., Approved April 1, 1872, In force July 1, 1872, there shall be elected, in counties under township organization, on 1st Tuesday in April, 1885, and every four years thereafter, two justices of the peace and two constables, and one justice of the peace and one constable for every 1000 inhabitants exceeding 2000 inhabitants of such town, provided the number in no one town shall exceed five justices and five constables; that on April 5, 1889, petitioner demanded a certificate of election from the city clerk,

*ex officio* town clerk, of East St. Louis and the same was refused; that on the same day he made a similar demand upon the county clerk of said county, tendering an official bond with responsible sureties and the oath of office duly signed and sworn to; that said clerk accepted and filed said oath and bond, but refused to grant the certificate of election, etc.

The defendant, Rhein, filed a general demurrer to the petition.

Mr. L. H. HITE, and Mr. JAMES M. DILL, for the petitioner.

Mr. M. W. SCHAEFER, Mr. F. G. COCKRELL, and Mr. E. R. DAVIS, for the defendant.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The question involved in the present case is this: where a city and town occupy the same territorial limits, has the common council of such city the power to determine how many justices of the peace shall be elected in such city and town?

Section 1 of the general law of the State in regard to Justices of the Peace, being chapter 79 of the Revised Statutes, provides that, in counties under township organization, there shall be elected in each town two justices of the peace, and one justice of the peace for every 1000 inhabitants exceeding 2000 inhabitants of such town, provided that no more than five justices of the peace shall be elected in any town. This law went into force on July 1, 1872.

Afterwards in 1877 the Legislature passed an Act, entitled "An Act to authorize county boards in counties under township organization to organize certain territory situated therein as a town," approved May 23, 1877, in force July 1, 1877, the sixth section of which provides, that, in such cities and towns as are therein described, that is to say, where the territory within a city has been organized into a town and the city and town have the same territorial limits and boundaries, the city

council may from time to time regulate the number of justices of the peace to be elected within such city and town, but that the number elected shall not exceed the number allowed by law to other towns of like population.　In pursuance of said section 6 of the Act of 1877 the common council of the city and town of East St. Louis passed the ordinance of March 20, 1889, providing for the election of two justices of the peace, and no more, in that town and city.

If the general law of the State is applicable to the town and city of East St. Louis, the petitioner was elected a justice of the peace, and is entitled to hold the office.　But if section 6 of the Act of 1877 is valid, then the city council of East St. Louis had the right to limit the number of Justices in that city and town to two, and petitioner was not elected.

Section 29 of article 6 of the constitution provides as follows: "All judicial officers shall be commissioned by the Governor.　All laws relating to courts shall be general and of uniform operation," etc.　A justice of the peace is a judicial officer, and, by section 8 of chapter 79 of the Revised Statutes, the Legislature has required his commission to be issued by the Governor.　A court has been defined to be that "body in the government to which the public administration of justice is delegated." (1 Bouv. Law Dic. 373.)　The public administration of justice is delegated to justices of the peace. They are among the bodies, in whom the constitution vests the judicial powers of the State. (Cons. Art. 6, sec. 1).　While engaged in the performance of their public duties as judicial officers, they are "courts" within the meaning of said section 29.

Laws, which fix the number of justices of the peace to be elected within a specified territory, are laws "relating to courts," and must therefore be general and of uniform operation.　The Act of 1877 provides, that, in a town which has been organized out of territory embraced within a city, the city council shall determine the number of justices to be elected therein, subject to *certain* limitations; while, in all other towns, in counties

under township organization, the number of justices is fixed by law in proportion to the population of the town.

If there is one mode of determining the number of justices in one class of towns and a different mode in all other towns, the law upon the subject is not of uniform operation as to all the towns. It follows that section 6 of the Act of 1877 is unconstitutional as being special in its character. The last clause of that section provides that the number elected to the office of justice of the peace "shall not exceed the number allowed by law to other towns of like population." Thus, by its own terms, the section refers to another law upon the subject of determining the number of justices, which is of a more general character than the Act of 1877.

The fact, that section 6 applies to that particular class of towns where the city and town have the same territorial boundaries, does not relieve it of the unconstitutional feature here noticed. A justice of the peace, though elected by the people of the town, has a jurisdiction which is co-extensive with the limits of the county, in which such town is located. His process issues to any part of the county, and suits may be brought before him by persons residing anywhere in the county. (*People* v. *Meech*, 101 Ill. 200). Therefore, no classification of towns can be made, which is based upon their relations to justices of the peace. The territorial jurisdiction of a justice is not circumscribed by the territorial limits of a town. We see no reason why the constitutional provision, which requires a law relating to such judicial officers to be general and of uniform operation, should be subject to any exception in favor of the class of towns mentioned in the Act of 1877.

In *The People ex rel.* v. *Hazelwood*, 116 Ill. 319, the part of the Act of 1877, which was chiefly under consideration, was so much of section 5 as provides, that "the city council in such city and town may by ordinance provide that the officers of treasurer and town collector shall be united in the same person." The validity of section 6 was not involved in that case. There,

the power to consolidate certain town and city offices in towns of the class therein described was held to have been rightfully vested in the city council, but the power of the city council to regulate the number of justices to be elected in the town was not considered.

For the reasons thus stated, we think that the petition shows sufficient grounds for the issuance of the writ of mandamus. The demurrer is accordingly overruled, and the writ is awarded.

*Mandamus awarded.*