GEORGE E. GIBSON ET AL. V. WILLIAM SIDNEY.

FILED DECEMBER 16, 1896.   No. 6930.

1. **Action: DEFINITION.** "The term 'action' is a comprehensive one, and is applicable to almost any proceeding in a court of justice, by which an individual pursues that remedy which the law affords him." (1 Ency. Pl. & Pr., 110.)

2. **Cause: DEFINITION.** A cause is "a suit, litigation, or action. Any question, civil or criminal, contested before a court of justice." (Black, Law Dictionary.)

3. **Attachment: MOTION TO DISSOLVE: TRIAL: COSTS.** The hearing of a motion to dissolve an attachment is a "trial" of the issues of law or fact, or both, in an action or cause within the meaning of the term employed in our Code, and the provisions of the fee bill fixing the fees of justices of the peace, and a charge of one dollar taxed and collected with the costs of a case for a second day's attendance upon such hearing by a justice of the peace was not the charging or taking of illegal fees.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.   *Reversed.*

*Foster & Boucher* and *C. P. Halligan*, for plaintiffs in error.

*Lee Helsley, contra.*

HARRISON, J.

It appears herein that an action was commenced before a justice of the peace in Douglas county, in which a writ of attachment was procured to issue and was by an officer levied on property of the defendant. Prior to the day assigned in the summons for hearing of the main cause a motion, supported by affidavits, to discharge the attachment was filed and a day was set for the hearing of said motion, on which the parties appeared by counsel, and after a partial presentation of the matter its further hearing was adjourned to the following day, when it was again taken up, the hearing

completed, and the· questions involved decided. In taxing the costs in the case, afterward paid by defendant, the justice of the peace included $1 as a fee for one day's attendance on the hearing of the motion to discharge the attachment. This, it is claimed, was an illegal charge, unauthorized by law, and the defendant instituted this suit against the justice of the peace and his bondsmen, and in it recovered a judgment in the sum of $50, the amount allowed by statute to be recovered by the person aggrieved from an officer who charges and takes illegal fees. From the judgment, error proceedings have been prosecuted to this court.

The only question of those argued in the briefs which we deem it necessary to consider is whether the justice of the peace was entitled to charge the $1 for one of the two days of his attendance on the hearing of the motion to discharge the attachment, and the determination of this hinges in part upon the answer to the query, was the hearing of a motion to dissolve a trial within the meaning of the word "trial" as it appears in the fee bill embodied in our statutes, and also in section 279 of the Code of Civil Procedure? The section last mentioned reads as follows: "A trial is a judicial examination of the issues, whether of law or of fact, in an action." In section 11 of chapter 28 of the Compiled Statutes, in which section the fees of justices of the peace are fixed, appears the following sentence: "Each day's attendance upon trial of a cause, after the first day, one dollar." Section 235 of the Code, by which the right is conferred to file a motion to discharge an attachment, is as follows: "The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment as to the whole or a part of the property attached;" and the next section (236) reads: "If the motion be made upon affidavits on the part of the defendant, or papers and evidence in the case, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to that on which the order of attach-

ment was made." It is clear that the foregoing contemplates a hearing and settlement of issues of either or both law and fact, or, a trial. If so, was it a trial in an "action" or "cause"? "Action" is defined in Black's Law Dictionary as "The legal and formal demand of one's right from another person or party, made and insisted on in a court of justice;" and in Winfield, Adjudged Words & Phrases, "A remedial instrument of justice, whereby redress is obtained for any wrong committed or right withheld." (*Durant v. Supervisors*, 26 Wend. [N. Y.], 86, quoting 3 Bl. Com., 3.) "Any judicial proceeding which, conducted to a determination, will result in a judgment, is an action." "The term 'action' is a comprehensive one, and is applicable to almost any proceeding in a court of justice by which an individual pursues that remedy which the law affords him." (1 Ency. Pl. & Pr., 110.) In Winfield's Adjudged Words & Phrases appears the following: "The primary meaning of the word 'case,' according to lexicographers, is 'cause.' When applied to legal proceedings it imports a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice;" citing *Kundolf v. Thalheimer*, 12 N. Y., 596; 11 Wis., 516; 48 Tex., 433. In Black's Law Dictionary "Cause" is thus defined: "A suit, litigation, or action. Any question, civil or criminal, contested before a court of justice." But all these are general definitions.

We will turn now to what has been said by this court in particular reference to attachment. In the syllabus to the opinion in *Reed v. Maben*, 21 Neb., 696, it is said: "Attachment, although an ancillary remedy, and applicable to a limited class of cases, yet within its limits rests upon its own facts, and not upon the facts of the action;" and in the body of the opinion appears the following on the same subject: "Attachment is a proceeding ancillary to the main action in which it is allowed. If the main action is attacked and overthrown, the attachment goes with it. On the other hand, it often hap-

pens that while the cause of action is lawful and just, the ground of attachment is mistaken or false; hence, judgment must be rendered for the plaintiff on the merits, but the attachment must be dissolved. As a matter of practice, however, if no ground of attachment exists, or the order has been issued without the proper affidavit or bond, as required by statute, the attention of the court must be called thereto in some appropriate manner, and the question of sufficiency settled before the final judgment in the case." In the case of *Jordan v. Dewey*, 40 Neb., 639, it was stated: "Attachment, though sometimes called an ancillary or auxiliary proceeding, is, nevertheless, in all essential respects a suit. The affidavit of a plaintiff, made to obtain a writ of attachment, and the affidavit of a defendant, when made, denying the truth of the averments of the plaintiff, constitute the pleadings in the proceeding." We are satisfied that an attachment, while it is not an independent action, while it is auxiliary and ancillary to the main action in which it. may be obtained, is, nevertheless, an "action" or "cause" within the true meaning of such words as used in the section of our statutes now under consideration; and we are further satisfied that the hearing on a motion to discharge an attachment is such a "trial" of issues of fact or law as fulfills the meaning of the word as it appears in the aforementioned sections of our statutes. It follows that the justice of the peace was entitled to charge and receive $1 as a fee for the second day's attendance at the hearing of the motion; that his taking such fee was not illegal, consequently the judgment assessing a penalty against him for receiving the fee was wrong and must be reversed and the cause remanded.

REVERSED AND REMANDED.