[No. 2528.   July 25, 1921.]

## STATE v. LAZAROVICH.

### SYLLABUS BY THE COURT.

1, 2.   In a preliminary hearing of a person charged with the commission of a felony, the justice of the peace constitutes a "court," and the preliminary hearing a "cause," within the meaning of section 1663, Code 1915.        P. 283

3.   An indictment under section 1663, Code 1915, in the words of the statute, held sufficient.        P. 286

4.   The indictment having alleged the unlawful purpose of the attempted persuasion or intimidation, it was not necessary to allege that the persuasion or intimidation was done "knowingly."        P. 286

5.   Under the circumstances, evidence as to larceny of property held admissible.        P. 286

6.   Under the facts of the case, held, that it was immaterial that the record of the justice of the peace showed that certain persons were found guilty of larceny of whiskey.        P. 286

7.   It is discretionary with the trial court whether it will sustain an objection or grant a motion to strike out evidence theretofore admitted without objection.        P. 288

8.   Evidence establishing a crime for which the accused is not on trial, but relevant to the intent with which the act charged in the indictment in the instant case was done, held admissible.   State v. Starr, 24 N. M. 180, 173 Pac. 674, followed.        P. 288

State v. Lazarovich, 27 N. M. 282.

Appeal from District Court, Colfax County; Lieb, Judge.

Goetosar Lazarovich, alias Estavan Stanley, was convicted of intimidating a witness, and he appeals. Affirmed.

John J. Kenney, of Santa Fe (E. R. Wright, of Santa Fe, of counsel), for appellant.

Harry S. Bowman, Attorney General, and A. M. Edwards, Assistant Attorney General, for the State.

### OPINION OF THE COURT.

ROBERTS, C. J. The appellant, Goetosar Lazarovich, was convicted in the district court for Colfax county of the statutory crime of intimidating a witness, and has perfected this appeal.

The indictment alleged in substance that on the 24th day of March, 1920, the appellant unlawfully and feloniously attempted to persuade and intimidate one Joe Servo, a witness, in a cause then pending in the court of a justice of the peace, wherein Martin and Nick Pavelich were charged with the larceny of a horse and wagon of the value of $100, of the property of George Pabor; the intimidation being effected for the purpose of preventing the witness from testifying to certain facts within his knowledge and material to the cause.

[1, 2] The first contention made by appellant is that the indictment is defective, because a justice of the peace, sitting as a committing magistrate in a preliminary hearing, is not a court, nor is the matter which he is investigating a "cause," within the meaning of the statute. The statute (Code 1915, § 1663) provides:

"Any person who * * * attempts to persuade or intimidate any witness in any cause pending in any of the courts of this state for the purpose of preventing such witness from testifying to any fact, or to abstain from testifying to any fact which is not true," etc.

Section 3180, Code 1915, confers on justices of the peace jurisdiction of criminal cases throughout the county, and authorizes and requires them, on complaint, to cause persons charged with the commission of crime or breach of the law to be brought before them, investigate the complaint, and either commit to jail, discharge, or recognize such persons to appear before the district court, as the case may be.

The statute first quoted is unambiguous. The essentials under the statute are a court, a pending cause, a witness, and persuasion or intimidation for the purposes mentioned. If these concur, the offense is complete. If a justice of the peace, a public judicial officer, vested with judicial power, is not a "court," within the meaning of the act, when transacting judicial business over which he has jurisdiction by law, we are at a loss to know what he is. If he is not presiding in a "cause," when he hears and determines matters coming before him under the law in preliminary investigations of the commission of felonies, we know not by what name to characterize such proceedings. As to what constitutes a court, see State v. Atherton, 19 Nev. 332, 10 Pac. 901; Rupert v. Alturas County Commissioners, 2 Idaho 19, 2 Pac. 718; Dixon v. People, 53 Colo. 527, 127 Pac. 930; Marsden v. Horlocker, 48 Or. 90, 85 Pac. 328, 120 Am. St. Rep. 786; In re Steele (D. C.) 156 Fed. 853; Tissier v. Rhein, 130 Ill. 110, 22 N. E. 848; McVeigh v. Ripley, 77 Conn. 136, 58 Atl. 701. From these authorities it appears that a court is a judicial tribunal established to administer justice, and composed of one or more persons assembled under authority of law for hearing and trying causes and the transaction of judicial business. A justice of the peace is a court, when publicly administering justice delegated to him by law. Waldo v. Wallace, 12 Ind. 569; Tissier v. Rhein, supra. It will be sufficient to say that in this jurisdiction judicial power is conferred upon justices

of the peace, somewhat limited, it is true, and that when regularly engaged in the exercise of that power such justices of the peace are as much "courts" as are the district and Supreme Courts of this state. Authorities contrary to this conclusion are based upon interpretations of statutes not to be followed here. Thus in Todd v. U. S., 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982, appellant's strongest authority on this proposition, the holding was clearly influenced by the fact that the statutes of the United States made a distinction between "examining magistrates" and "examining courts." The power to determine the probable commission of a felony is vested in this state in the justice of the peace as such, and is a component part of the general powers conferred on such courts. The power is, of course, judicial in its nature, and the justice of the peace, when acting in that capacity in such matters, constitutes a court in the full sense of the word, equally as well as when he presides in a case regularly brought before him involving the commission of a misdemeanor. The Constitution itself vests judicial power in such courts. Section 1, art. 6, State Constitution.

The statute intends to reach all judicial proceedings before justices of the peace, where there are adversary parties. It used the word "cause" to express its meaning. Cause has been defined to be a suit, litigation, or action of any kind, civil or criminal, contested before a court of justice. Gibson v. Sidney, 50 Neb. 12, 69 N. W. 314. It also means a proceeding in court. Blyew v. United States, 13 Wall. 581, 20 L. Ed. 638. The judicial investigation by a justice of the peace to determine the probable commission of a felony by the accused is a "cause," within the meaning of the statute, and therefore we hold that the statute covers, in both aspects, the circumstances outlined in the indictment in the case at bar.

[3]   Was it imperative that the indictment allege the means by which the persuasion and intimidation was accomplished by the appellant, or, being in the words of the statute, was it sufficient?   In State v. Probert, 19 N. M. 13, 140 Pac. 1108, we said:

"It is only where the terms of the statute are so general as to require specification of detail, in order to identify a given transaction with which it is sought to charge a defendant, that the allegations of an indictment must be expanded beyond its statutory terms."

In 14 R. C. L. 174, it is said the purpose of requiring the words of the indictment to be expanded beyond the statutory terms is to identify or define the offense, so that the accused may plead autrefois acquit or convict. No necessity existed for expanding the words of the indictment in the case at bar beyond the words of the statute.

[4]   The indictment was not defective for failing. to charge that the accused "knowingly" committed the act, or that he did it with corrupt intent.   So long as the persuasion or intimidation was done for the purpose specified in the statute—and the indictment charged such purpose—it is sufficient.   As to the necessity of alleging knowledge, see 22 Cyc. 327, 29 Cyc. 1335, and 14 R. C. L. 177.

[5, 6]   At the outset of the hearing in this case the district attorney advised the court that because of the absence of a witness he would be obliged to proceed out of the regular order.   He then introduced the principal witness for the state, who testified that on the day in question he and Mike Pabor had driven to a prairie, and were engaged in taking contraband whisky from the place where it had been concealed, when the Pavelich brothers arrived upon the scene in a car and after firing several shots appropriated the horse, wagon, and whisky to their own uses and drove away.   Thereupon counsel for appellant objected, on the ground that the evidence was incompetent, and that the method pursued was

State v. Lazarovich, 27 N. M. 282.

improper to arrive at the facts in the case. The witness then testified that the horse was subsequently found on the ranch of Martin Pavelich; that the witness had been notified by the sheriff to be at the trial of the Pavelich brothers in the court of the justice of the peace; and that on the day of the trial the witness met the appellant at the home of George Pabor, and threatened the witness with punishment in jail for a couple of years for stealing the whisky from its concealed place on the prairie. The appellant then advised the witness to settle with Martin Pavelich, agreeing to give the witness a case or two of whiskey and to pay all expenses, if he would consent to so settle matters. The witness declined the offer, saying that the matter was in court, whereupon the appellant sought to persuade the witness to testify that the horse ran away from the witness on the prairie, saying nothing about Martin Pavelich being present when the horse and wagon were stolen.

Counsel for appellant contends that the trial court erred in permitting the witness to testify as to the larceny by the Pavelich brothers, saying that such proof was immaterial and harmful. The objection came too late, having been interposed after the testimony had been adduced, and no motion to strike was made. Crawford v. Gurley, 23 N. M. 659, 170 Pac. 736. But we fail to appreciate the position of appellant in the matter on the merits. The state was not engaged in proving the Pavelich brothers guilty of the offense of larceny, but was endeavoring to show that the witness saw those brothers take the horse and wagon and drive away with the whisky, and that the appellant sought to prevail upon the witness to testify to facts contrary to the truth of the transaction, as the witness knew it from observation. No reason is urged or authority cited why this testimony was not material. It was the premise of the charge that the appellant intimi-

dated the witness for the purpose of preventing him from disclosing material facts.

The objection raised here by appellant as to the introduction of the record of the justice of the peace is without merit; the contention being that, because the record showed that the Pavelich brothers were bound over to await the action of the grand jury for "stealing of the wagon and horse and whisky," there was a variance, in that the indictment alleged that the cause in the court of the justice of the peace was one wherein the Pavelich brothers were "charged with the larceny of one horse and wagon." The whiskey was stolen by the Pavelich brothers at the same time the horse and wagon were stolen, and was a concomitant part of the whole transaction. The fact that the order binding over the Pavelich brothers to await the action of the grand jury included a finding that they stole the whiskey was entirely immaterial.

[7] It is contended by counsel for appellant that it was error to admit the testimony of the sheriff that he served a subpœna upon Mike Pabor. But the proposition is not properly before the court, because the testimony was adduced without objection having been made in apt time. After its introduction, counsel for appellant moved that it be stricken. Under such circumstances, it was a matter for the exercise of the discretion of the trial court as to whether the testimony should be stricken. In Crawford v. Gurley, 23 N. M. 659, 170 Pac. 736, we held that it is a matter of discretion with the trial court whether it will sustain an objection, or grant a motion to strike out evidence which has been admitted theretofore without objection.

[8] The appellant testified that he was in the house of George Pabor on the day in question. He was asked how he happened to be there, and the question was excluded upon the objection of the state. The appellant contends that the action of

the court was erroneous, in that he had the right to state why he visited Pabor's house, where the state contended the unlawful act charged in the indictment occurred. There is no basis for the contention, however, because later the witness was asked the same question and fully answered it.

Over the objection of appellant, Mike Pabor testified that the appellant came to his home one day and told him that, if he said that he (Mike Pabor) and Joe Servo had found whisky, Mike Pabor and Hixenbaugh, the sheriff, would both go to the penitentiary. The testimony was admitted on the theory that it was material to the proposition of intent on the part of the appellant in the main transaction. The law as to the admission of evidence of crimes other than that upon which the accused is being tried has been treated of a number of times in this jurisdiction. Thus, in Territory v. McGinnis, 10 N. M. 271, 61 Pac. 208, evidence of another crime was sustained, on the ground that it tended to show motive. Territory v. Livingston, 13 N. M. 318, 84 Pac. 1021, where it was held that the evidence of the theft of a mule, committed at the same time as the theft of a horse for which appellant was being tried, was proper, because the two acts were a part of the same transaction. Territory v. Coldwell, 14 N. M. 535, 98 Pac. 167, where it was held that proof of the possession of other animals by appellants, at or near the time the appellants were arrested, was admissible, because the "evidence was admitted to show the intent of the parties charged." Territory v. West, 14 N. M. 546, 99 Pac. 343, where evidence of numerous acts of appellant in stealing and selling horses was held admissible, because it tended to prove that crime was committed in a systematic manner, and evinced intent or motive of the accused in the instant case. In State v. Graves, 21 N. M. 556, 157 Pac. 160, it was said that evidence of other crimes is generally not ad-

missible, but that where such other crimes form an inseparable part of the whole transaction the same is admissible. State v. Pino, 21 N. M. 660, 158 Pac. 131, followed the Graves Case, supra.

State v. Starr, 24 N. M. 180, 173 Pac. 674, is decisive of the proposition raised by appellant here. In that case it was said that, generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish: (1) Motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan, embracing the commission of two or more crimes, so related to each other that proof of one tends to establish the other; and (5) identity of person charged with the commission of the crime on trial. In that case evidence of an escape from jail while armed was held admissible, as tending to prove intent in the commission of the act of homicide which subsequently followed. The decision was also placed upon the ground that the evidence of the other crime in combination with the evidence of the crime for which the appellant was being prosecuted constituted a scheme or plan, and was therefore admissible upon that theory.

In the case at bar it was incumbent upon the state to prove that persuasion was attemped, and that it had for its purpose the stifling of the truth, or in other words that the persuasion or intimidation was done for the purpose of stifling the truth. Without proof of that purpose the state did not make out its case. Proof that appellant attempted to persuade Mike Pabor, the other main witness of the facts out of which the prosecution grew, to stifle the truth on the hearing before the justice of the peace, was material, as showing guilty knowledge or intent in the case at bar, and was, under the authority of the Starr Case, supra, admissible.

The rejection by the trial court of evidence that the appellant believed in the innocence of Martin

Pavelich and that George Pabor, the owner of the horse and wagon, made no complaint against the Pavelich brothers, was not error, because both items of evidence were irrelevant and immaterial.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.