SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — DOCKET FEE REQUIRED FOR FILING PETITION FOR DISCOVERY PURSUANT TO RULE 27, ARCP
Mr. B. H. Lambert, Circuit Clerk of Cle-burne County, Alabama, has submitted to me the following inquiry:
“Does a petition for discovery pursuant to Rule 27, ARCP, require a filing fee when no lawsuit has been filed in any county?”
Mr. Lambert enclosed with his request a petition for discovery (pursuant to Rule 27, ARCP) which contains, among others, the following statement:
*274 “Petitioner desires to perpetuate the testimony of the person at Spring Valley Foods who would possess the information sought hereinabove: the names and addresses of the manufacturer and any distributor of the product which injured petitioner on March 16, 1977.”
The answer to the question requires an interpretation of Rule 7, Alabama Rules of Judicial Administration, which provides:
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.” (Underscoring supplied)
This opinion is given pursuant to Section 12-2-19(d), Code of Alabama 1975, which authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the supreme court to any other officer or official of the state who shows the need for such opinion and requests the same.”
It is my opinion that Rule 7, Alabama Rules of Judicial Administration, when considered with Section 12-19-71(3), Code, 1975, requires the collection of a docket fee for the filing of a petition for discovery pursuant to Rule 27, ARCP, where no lawsuit has been filed in any county.
The words, “any filing,” in Rule 7 have reference to the words, “cases filed,” in Section 12-19-71, Code of Alabama, 1975. See Opinions of the Clerk, No. 1, April 26, 1977, 345 So.2d 1329; No. 12, August 8, 1978, 361 So.2d 534.
That part of Section 12-19-71, Code of 1975, pertinent to this opinion, reads as follows:
“Docket fees which shall be collected in civil cases shall be . (3) $35.00 for cases filed in the circuit court.”
“Case” has been defined as “a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.” State v. Montevallo Coal Mining Company, 29 Ala.App. 318, 197 So. 82, 85 (1940); Opinion 11, Opinions of the Clerk, Supreme Court of Alabama, March 10, 1978, Ala., 356 So.2d 636. See also S. D. Warren Co. v. Fritz, 138 Me. 279, 25 A.2d 645 (1942); Gibson v. Sidney, 50 Neb. 12, 69 N.W. 314, 315 (1896); Kelly v. Roetzel, 64 Okl. 36, 165 P. 1150, 1153 (1917).
Rule 27, Alabama Rules of Civil Procedure, states the requirements of a petition for discovery before action as follows:
(a) Before action.
(1) Petition. A person who desires to perpetuate his own testimony or that of another person or to obtain discovery under Rule 34 or 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or 35 from the persons named in the petition.
The rule provides, in part, for an order as follows:
(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions; or shall make an order desig *275 nating or describing the persons from whom discovery may be sought under Rule 34 and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a). The discovery may then be taken in accordance with these rules.

The petition provided for in Rule 27(a) presents a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. Therefore, a filing of a petition to perpetuate testimony under Rule 27(a) before an action is filed is a “filing” within the meaning of Rule 7, Alabama Rules of Judicial Administration.
“Consolidated fee structure” in Rule 7 means the fees prescribed in Chapter 19 of Title 12, Code of Alabama 1975. There is no provision under the consolidated fee structure for the filing of a petition to perpetuate testimony under Rule 27(a) before an action is filed.
It is, therefore, my conclusion that the filing of a petition to perpetuate testimony under Rule 27(a) before an action is filed, should be treated as an original filing for cost purposes and that it requires a filing fee as provided by Section 12-19-71(3), Code of 1975.