SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — FILING FEE IN PROCEEDINGS FOR POSSESSION WRONGFULLY WITHHELD AFTER DEMAND FOR PREMISES
Mr. Allen L. Tapley, Administrative Director of Courts, has submitted to me, as Clerk of the Supreme Court of Alabama, pursuant to § 12-2-19(d), Code of Alabama 1975, the following inquiry:
(1)Should a district court civil filing fee pursuant to Rule 7, Alabama Rules of Judicial Administration, be collected at the time an oath of the facts is made before the district court pursuant to § 35-9-80, Code of Alabama 1975?
(2) Should the first question be answered in the negative, would it be proper to collect a filing fee at the time a writ of process provided by § 35-9-81, Code of Alabama 1975, is issued by the district court pursuant to such affidavit?
(3) If a district court civil filing fee should not be collected in either of the above instances, is it proper to collect such a fee at any time before trial as provided in § 35-9-85, Code of Alabama 1975, and if so, at what time?
Mr. Tapley notes in his inquiry that a list of fees in proceedings for possession wrongfully withheld is provided in § 35-9-88; that there is no specific fee for the filing of the original affidavit; and that § 35-9-88(7) provides a fee for the filing of a counter affidavit.
In my opinion, the first question should be answered in the affirmative. An affirmative answer to Question No. (1) renders unnecessary an answer to Questions (2) and (3).
Rule 7, Alabama Rules of Judicial Administration, is as follows:
“Fees for Miscellaneous Filings. Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
The meaning of the words “filing”, “case” and “consolidated fee structure” was stated in Opinion of the Clerk, No. 19, August 20, 1979, Ala., 374 So.2d 273.
The words “an original filing for cost purposes” mean “cases filed” in which docket fees shall be collected in accordance with the fee schedule in § 12-19-71, Code 1975. See Opinion of the Clerk, No. 21, September 27, 1979, Ala., 375 So.2d 1066.
§ 35-9-80, Code 1975, to which the inquiry refers, is as follows:
*58 “In all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him or after his right of possession has terminated or been forfeited, and the owner of the lands or tenements shall desire possession of the same, such owner may by himself, his agent or attorney-in-fact or attorney-at-law demand the possession of the property so rented, leased, held or occupied; and if the tenant refuses or omits to deliver possession when so demanded, the owner, his agent or attorney-at-law or attorney-in-fact may go before the district court in the county in which the land lies, and make oath of the facts.”
The opinion of the Supreme Court in Hicks v. Longfellow Development Company, Ala., 362 So.2d 219 (1978), indicates that making “oath of the facts” before the district court is the filing that determines the beginning of a case under § 35-9-80, Code 1975.
It is my opinion that making “ oath of the facts” before the district court pursuant to § 35-9-80, Code 1975, is the filing of a case within the meaning of the words “cases filed” in § 12-19-71, Code 1975; and that the docket fee shall be collected when an oath of the facts is made before the district court.