SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — FEES FOR MISCELLANEOUS FILINGS— AWARD IN ARBITRATION
Mr. Maurice W. Castle, Jr., Clerk of the Circuit Court of Mobile County, has submitted to me, as Clerk of the Supreme Court, the following question:
“Should a filing fee be required when award in arbitration is received in the Circuit Clerk’s office?”
Mr. Castle cites two sections of the Code of 1975 which read as follows:
§ 6-6-12. Award — Proceedings when not performed; force and effect.
If the award is not performed in 10 days after notice and delivery of a copy thereof, the successful party may, if an action is pending, cause the award and file of papers in the case to be returned to the court in which the action is pending, or if no action is pending, cause the submission and award to be returned to the clerk of the circuit court of the county in which the award is made. Such award has the force and effect of a judgment, upon which execution may issue as in other cases.
§ 6-6-15. Same — Appeals.
Either party may appeal from an award under this article. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the judgment of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgment from which an appeal shall lie as in other cases.
The answer to this inquiry is given pursuant to the authority conferred on the Clerk of the Supreme Court by § 12-2-19(d), Code, 1975.
The answer should be in the affirmative.
There is a filing of the award in arbitration when it is received in the office of the clerk of the circuit court. See Gandy v. Tippett, 155 Ala. 296, 46 So. 463.
In my opinion, the filing of the award in arbitration is a filing that requires the payment of a fee under the terms of Rule 7, Alabama Rules of Judicial Administration, which is as follows:
“FEES FOR MISCELLANEOUS FILINGS
*956 Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
This rule should be read in connection with § 12-19-71(c), Code, 1975, which reads as follows:
“Amount of docket fees to be collected in civil cases.—The docket fees which shall be collected in civil cases are:
(c) thirty-five dollars for cases filed in the circuit court; .... ”
The “filing” that requires a payment of a fee under Rule 7 is the filing of a “case.” See Opinions of Clerk, No. 1, Ala., 345 So.2d 1329 (April 26, 1977); No. 3, Ala. 345 So.2d 1338 (May 4, 1977); No. 12, Ala., 361 So.2d 534 (August 8, 1978); No. 23, Ala., 381 So.2d 55 (March 10,1980); No. 32, Ala., 390 So.2d 1040 (November 21, 1980).
The words “any filing,” in Rule 7 refer to the words, “cases filed,” in § 12-19-71, supra. See Opinions of Clerk, No. 1, Ala., 345 So.2d 1329 (April 26, 1977), and No. 11, Ala., 356 So.2d 636 (March 10, 1978).
A “case” has been defined as “a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.” State v. Montevallo Coal Mining Co., 29 Ala.App. 318, 197 So. 82, 85 (1940); Opinions of Clerk, No. 11, supra; No. 19, Ala., 374 So.2d 273 (August 20, 1979). See also S. D. Warren Co. v. Fritz, 138 Me. 279, 25 A.2d 645 (1942); Gibson v. Sidney, 50 Neb. 12, 69 N.W. 314, 315 (1896); Kelly v. Roetzel, 64 Okl. 36,165 P. 1150, 1153 (1917).
Rule 7 should also be read in connection with Sections 6-6-1 to 6-6-16, Code of Alabama, 1975. Arbitration is referred to as “case” in § 6-6-7; and reference is made to “other cases” in § 6-6-12 and § 6-6-15.
Section 6-6-7, Code, 1975, is as follows:
§ 6-6-7. Same—Power to subpoena witnesses, administer oaths and take depositions.
The arbitrators, or either of them, have power to subpoena witnesses at the request of either of the parties and to administer all oaths which may be necessary in the progress of the ease and must, on the application of either party, issue commission to take the deposition of any witness residing out of the county, which must be taken in the same manner as depositions in the circuit court. (Emphasis supplied)
The last sentence in § 6-6-12 is as follows:
“Such award has the force and effect of a judgment, upon which execution may issue as in other cases." (Emphasis supplied)
The last sentence in § 6-6-15 is as follows:
“In the event the award shall be set aside, such action shall be a final judgment from which an appeal shall lie as in other cases. (Emphasis supplied)
Section 6-6-13, Code, 1975, is as follows: § 6-6-13. Same—Enforcement.
If the award is for the delivery of property or to do or omit to do any particular act, on notice and motion to the court, performance may be enforced by attachment or other appropriate writ.
This Court, in Wilbourn v. Hurt, 139 Ala. 557, 563, 36 So. 768, 770, in referring to what is now § 6-6-12, Code, 1975, observed, among other things, the following:
“Recognizing that the award had settled the matters at issue between the parties, so that they cannot be again opened and retried in any sort of proceeding, and therefore, appreciating that no good end could be subserved by putting the successful party to his action on the award, this statute gives him without such action the same relief he would be entitled to at the end of it, namely, an execution for the enforcement of the award. That is the sole purpose and operation of the statute.”
It thus appears that the filing of an award in arbitration in the circuit court furnishes occasion for the exercise of the jurisdiction of that court for the enforcement of a right or the remedying of a wrong.
*957 This Court, in Moss v. Upchurch, 278 Ala. 615, 179 So.2d 741 (1965), referring to the sections that are now Sections 6-6-12 and 6-6-15, Code, 1975, indicated that in case of an appeal the circuit court was empowered to review the award as to whether the arbitrators are guilty of fraud, partiality or corruption in making it.
It is my opinion that the filing in the circuit court of an award in arbitration where no action is pending is a filing of a case within the meaning of Rule 7; and that the filing requires the payment of a docket fee.