Pat Williams sued Thad Pruett, James Sharpe, and Noel Wadsworth as the partners of Pruett-Sharpe Construction Company, a partnership, alleging that the partnership had breached a contract to pay Williams an architect's fee of $100,500. The dispute arose over the planning of an apartment complex in Auburn.
In the contract, both parties had agreed to arbitration of the claim with the American Arbitration Association (hereinafter "AAA").[1] The AAA provided the parties with a list of names and biographical information on potential arbitrators. The parties chose John W. Adams, Jr., as the arbitrator. On August 24, 1992, the arbitrator awarded Williams $100,500 in architect's fees and found that there had been no novation.
On August 27, 1992, Williams filed a motion for summary judgment based on the arbitrator's award, rather than waiting to see if the partnership would appeal the arbitrator's award. The partnership filed a cross-motion, requesting that the court vacate the arbitration award. On September 2, 1992, the partnership filed an appeal of the arbitration award with this Court pursuant to § 6-6-15, Ala. Code 1975. The circuit clerk then entered the arbitrator's award as the judgment of the circuit court as is required by § 6-6-15. The circuit court did not set aside the judgment within 10 days as is provided in §6-6-15; thus, the judgment became final and the arbitration award appealable.
The partnership argues that the arbitration award should be set aside because, it says, the arbitrator committed fraud by misstating certain biographical information. The partnership also argues that the arbitrator failed to address every defense presented by it.
Section 6-6-14 provides:
 "An award made substantially in compliance with the provisions of this article is conclusive between the parties thereto and their privies as to the matter submitted and cannot be inquired into to or impeached for want of form or for irregularity if the award determines the matter or controversy submitted, and such award is final, unless the arbitrators are guilty of fraud, partiality or corruption in making it."
First, the partnership specifically claims that the arbitrator failed to notify the AAA that he was no longer associated with the law firm of Inge, McMillan, Adams, Coley 
Ledyard, P.C., and that the arbitrator possibly misstated his expertise in the area of construction law.[2] We see no evidence to support the partnership's claims of fraud, partiality or corruption on the part of the arbitrator.
Second, the partnership argues that the arbitrator failed to address all the defenses presented by the partnership. We find no requirement in § 6-6-1 et seq. that the arbitrator address in the award all the defenses raised.
Based on the foregoing, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] No party disputes the validity or enforceability of the agreement.
[2] In the Mobile Bar Directory, the arbitrator did not list construction law as a specialty.