The parties' dispute regarding the use of a credit card issued to Suzanne O. Yayman by MBNA America Bank, N.A., now known as FIA Card Services, N.A. (hereinafter referred to as "FIA Card Services"), was resolved in an arbitration proceeding. On October 20, 2006, an arbitration hearing was convened and an arbitrator approved by the National Arbitration Forum entered an award in the amount of $23,599.17 in favor of FIA Card Services and against Yayman.
On March 27, 2007, FIA Card Services filed with the circuit clerk of Jefferson County an "Application to Confirm Arbitration Award" ("the application"), pursuant to § 6-6-12, Ala. Code 1975. Appended to the application was a copy of the parties' agreement to arbitrate and a copy of a document signed by the arbitrator containing the arbitrator's findings and conclusions and the arbitrator's award ("the arbitration order"). The certificate of service indicates that the application was served upon Yayman.
On April 4, 2007, Yayman filed an "Answer and Opposition to Application to Confirm Arbitration Award" ("the answer"). The answer denied the allegations contained in the application, other than the allegation that the parties had been unable to select or appoint an arbitrator by agreement, and demanded a trial by jury.[1] The answer also asserted numerous affirmative defenses relating to the merits of the claim that had been resolved in the arbitration proceeding. Yayman contemporaneously filed a memorandum of law, an affidavit, and multiple discovery requests. The memorandum of law argues that the parties had no agreement to arbitrate and that the arbitrator's award is not enforceable. However, in her affidavit, Yayman admits:
 "[W]ith respect [to] [FIA Card Services'] claim, I served an objection to arbitration on [FIA Card Services] and the National Arbitration Forum, and I did not participate in said arbitration action."
However, the arbitration order provides:
 "2. After Proof of Service of the Claim was filed with the [National *Page 847 
Arbitration] Forum, where no Response has been filed, the [National Arbitration] Forum mailed to [Yayman] a Second Notice of Arbitration.
 "3. [Yayman] has filed a Response with the [National Arbitration] Forum and served it on [FIA Card Services]."
The arbitration order also states that the parties had notice of the arbitration hearing, that the hearing was conducted in accordance with the rules of the National Arbitration Forum, that the parties had the opportunity to present their evidence to the arbitrator, and that the arbitrator reviewed all the submitted evidence. Further, the arbitrator specifically found that the parties had entered into a valid, enforceable, written agreement to arbitrate their dispute and that the dispute was arbitrable according to the terms of the parties' agreement. InOpinion of the Clerk, 394 So.2d 954 (Ala. 1981), the clerk of the Supreme Court of Alabama stated:
 "This Court, in Moss v. Upchurch, 278 Ala. 615, 179 So.2d 741 (1965), referring to the sections that are now Sections 6-6-12 and 6-6-15, Code, 1975, indicated that in case of an appeal [of an arbitration award] the circuit court was empowered to review the award as to whether the arbitrators are guilty of fraud, partiality or corruption making it."
394 So.2d at 957. All Yayman's contentions, in the trial court and on appeal, involve the existence of an agreement to arbitrate rather than whether the arbitrator was guilty of fraud, partiality, or corruption in making the arbitration award. Id.
On May 7, 2007, FIA Card Services moved to strike the discovery requests served upon it by Yayman, asserting that the arbitrator had already decided the case on the merits and that FIA Card Services was merely trying to confirm an arbitration award pursuant to § 6-6-1 et seq., Ala. Code 1975. On May 9, 2007, the circuit clerk entered a judgment confirming the arbitration award as the judgment of the court; that judgment states that it was entered pursuant to § 6-6-12 and § 6-6-15, Ala. Code 1975.
On May 15, 2007, Yayman filed a motion to vacate the judgment, arguing that the trial court should not have confirmed the arbitration award as the judgment of the court because, she asserted, "[p]ursuant to Alabama law, a defendant has ten (10) days to object" to a motion to confirm an arbitration award and she had complied with this requirement by objecting to the application within 10 days of its filing by filing her answer. Yayman did not file a notice of appeal from the arbitrator's award "within 10 days after receipt of notice of the award," as required by § 6-6-15, Ala. Code 1975. She apparently interprets § 6-6-15 so as to prevent a trial court from confirming an arbitration award in the face of an objection; her interpretation is incorrect.
 Section 6-6-15 provides:
 "Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the judgement of the court. *Page 848 
Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement from which an appeal shall lie as in other cases."
Recently, in Jenks v. Harris, 990 So.2d 878
(Ala. 2008), our supreme court addressed the procedure for appealing arbitration awards as set out in § 6-6-15. The supreme court, quoting its previous order, stated:
 "`We recognize that the procedure for obtaining jurisdiction to review an arbitration award under § 6-6-15, Ala. Code 1975, is far from clear. Thus, in the absence of a clear procedure for treating challenges to an arbitration award brought under § 6-6-15, Ala. Code 1975, and in light of the confusing nature of the statutory language, we deem it appropriate to issue an interim curative order in this case.
 "`In the present posture of their appeals, Shane and Kelly Jenks ask this Court to review the trial court's July 8, 2004, order setting aside the arbitrators award. However, because the circuit clerk had not entered the arbitration award as the judgment of the court, the trial court's order vacating that arbitration award is void. `[W]here a judgment appealed from is void for want of jurisdiction, we have no alternative but to dismiss the appeal.' City of Huntsville v. Miller, 271 Ala. 687, 689, 127 So.2d 606, 608 (1961).
 "`IT IS THEREFORE ORDERED THAT, upon receipt of this order, the trial court shall instruct the Circuit Court Clerk of Madison County to enter the arbitration award as the judgment of the court.
 "` "Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases." `"
990 So.2d at 882 (footnotes omitted; emphasis added).
In Pruett v. Williams, 623 So.2d 1115 (Ala. 1993), Pat Williams sued Thad Pruett, James Sharpe, and Noel Wadsworth as the partners of Pruett-Sharpe Construction Company ("the partnership"). Williams alleged that the partnership had breached a contract to pay him an architect's fee. The parties arbitrated their dispute pursuant to their contract, and on August 24, 1992, the arbitrator awarded Williams $100,500 as an architect's fee. Three days later, on August 27, 1992, Williams filed in the Montgomery Circuit Court a motion for a summary judgment based upon the arbitrator's award. The partnership filed a cross-motion requesting that the court vacate the award. On September 2, 1992, the partnership filed an appeal of the arbitration award to the supreme court, pursuant to § 6-6-15. With regard to the procedure required by § 6-6-15, the supreme court stated:
 "The circuit clerk then entered the arbitrator's award as the judgment of the circuit court as is required by § 6-6-15. The circuit court did not set aside the judgment within 10 days as is provided in § 6-6-15; thus, the judgment became final and the arbitration award appealable."
Pruett, 623 So.2d at 1116 (emphasis added).
Once the 10-day period for the trial court to act expires and the judgment entered on an arbitration award becomes final pursuant to § 6-6-15, any notice of appeal that was filed within 10 days after *Page 849 
notice of the award pursuant to § 6-6-15 "quickens" and the trial court loses jurisdiction to act further. SeeBirmingham News Co. v. Horn, 901 So.2d 27, 41 (Ala. 2004) (concluding that, based on policy reasons underlying Rule 4(a)(4), Ala. R.App. P., the notices of appeal filed within 10 days of notice of the arbitrator's award were timely filed because they had become effective, or had quickened, when the judgment on the arbitrator's award was entered).
Here, the circuit clerk entered the arbitrator's award as the judgment of the court on May 9, 2007. Although Yayman had filed her answer objecting to the application to confirm the arbitrator's award, she had not filed a notice of appeal of the arbitrator's award. Moreover, although Yayman filed a motion to vacate that judgment on May 15, 2007, the trial court did not set aside its judgment within 10 days of its entry. Therefore, pursuant to § 6-6-15, the judgment became final. SeeJenks v. Harris, supra; and Pruett v. Williams, supra. However, there was no previously filed notice of appeal that could become effective, i.e., quicken, once the judgment became final. See Birmingham News Co. v. Horn, supra. On June 4, 2007, the trial court held a hearing on Yayman's motion to vacate the judgment and FIA Card Services motion to strike Yayman's discovery requests. On June 20, 2007, the trial court entered an order purporting to deny Yayman's motion to vacate and purporting to grant FIA Card Services' motion to strike Yayman's discovery requests. On July 4, 2007, Yayman filed a "motion to reconsider." On July 10, 2007, the trial court purported to enter an order denying Yayman's motion to reconsider. However, because the judgment was final on May 19, 2007, the trial court lost all jurisdiction to act after that date. § 6-6-15, Ala. Code 1975. See Birmingham News Co.v. Horn, supra.
The arbitrator rendered an award on October 20, 2006, and notice of that award was mailed to Yayman via first class mail on October 23, 2006. Although the record on appeal does not indicate when Yayman received notice of the arbitrator's award, she had to have received notice no later than April 4, 2007, when she filed her answer to FIA Card Services' application to confirm the award. Yayman's notice of appeal to this court was not filed until August 20, 2007; therefore, pursuant to § 6-6-15, it was untimely. Chambers v. Courtesy Pontiac-GMCTrucks, Inc., 969 So.2d 167 (Ala.Civ.App. 2007).
We note that, even if Rule 4(a)(1), Ala. R.App. P., extends the time for filing a notice of appeal from 10 days to 42 days, Yayman neither filed her notice of appeal within 42 days of April 4, 2007, the date by which she must have had notice of the arbitrator's award, nor filed her notice of appeal within 42 days of May 19, 2007, the date that the judgment became final pursuant to § 6-6-15.
Because Yayman's notice of appeal was untimely filed, we dismiss her appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
[1] The application states that "each party had an opportunity to select an arbitrator." Moreover, the arbitration order states: "The matter has proceeded in accord with the applicable [National Arbitration] Forum Code of Procedure Rules." *Page 850